L.E. BOSTOW, Plaintiff and Appellant,

v.

LUNDELL MANUFACTURING COMPA-
NY, Defendant and Appellee.

Civ. No. 10994.

Supreme Court of North Dakota.

Oct. 28, 1985.

E.J. Bosch, Minot, for plaintiff and appel-
lant.

McGee, Hankla, Backes & Wheeler, Mi-
not, for defendant and appellee; argued by
Donald L. Peterson.

LEVINE, Justice.

The dispositive issue on this appeal is
whether or not North Dakota Century
Code § 51–07–01 [1] applies to an oral con-

---

1. NDCC § 51–07–01: "Whenever any person, firm or corporation engaged in the business of selling and retailing farm implements and repair parts for farm implements, or in the business of selling and retailing automobiles or trucks, or repair parts for automobiles or trucks, enters into a written contract whereby such retailer agrees to maintain a stock of parts or complete or whole machines, or attachments with any wholesaler, manufacturer, or distributor of farm implements, machinery, attachments, or repair parts, or automobiles, trucks, or repair parts, and either such wholesaler, manufacturer, or distributor or the retailer de-

sires to cancel or discontinue the contract, such wholesaler, manufacturer, or distributor, shall pay to such retailer unless the retailer should desire to keep such merchandise, a sum equal to one hundred percent of the net cost of all current unused complete farm implements, machinery, attachments, automobiles, and trucks including transportation charges which have been paid by such retailer, and eighty-five percent of the current net prices on repair parts, including superseded parts listed in current price lists or catalogs which parts had previously been purchased from such wholesaler, manu-

tract for the purchase of farm implements so as to render applicable the six-year statute of limitations for an action upon a liability created by statute, rather than the four-year statute of limitations applicable to an action for breach of a contract for sale. The trial court held that § 51–07–01 did not apply to an oral contract and that plaintiff's action therefore was barred by the four-year statute of limitations. The trial court further determined that there was no oral contract to maintain a stock of farm machinery so that § 51–07–01 was inapplicable regardless whether it required a written contract. Because we hold that § 51–07–01 applies to written contracts only we affirm the judgment of the trial court, without considering whether the substance of the contract was within the contemplation of the statute.

## FACTS

In June 1977 L.E. Bostow a farm implement retailer, took delivery of three balers purchased from Lundell Manufacturing Company, Inc. The following month, Bostow notified Lundell that the balers did not operate as represented and consequently could not be sold. No further action was taken by either party. In June 1983 Bostow, having retired and terminated his implement business earlier that spring, brought an action pursuant to NDCC § 51–07–01 to recover the price of the three balers. Bostow later amended his complaint to further allege that the balers were defective and that this constituted a breach of Lundell's warranty.

## SECTION 51–07–01, NDCC

Section 51–07–01 provides that whenever there is a written contract to maintain a stock of complete farm machinery and the retailer cancels or discontinues the contract, the manufacturer must pay the retailer one hundred percent of the net cost of all current unused complete farm machinery.

Bostow concedes he did not have a written contract with Lundell but asserts that § 51–07–01 does not require a written contract. He argues that although paragraph one of this statute refers specifically to written contracts, the provision in paragraph two that the section shall be supplemental to "any agreement" necessarily means both written and oral agreements. In support of his position he also relies on paragraph three of the statute which states that § 51–07–01 applies to "all contracts," and nowhere limits the term "contract" by use of the modifier, "written." Bostow thus urges that § 51–07–01 is not limited to written contracts.

In order to resolve the ambiguity created by the Legislature's use of the term "written contract" only in paragraph one and the terms "any agreement," "all contracts" and "any contract" in subsequent paragraphs, we examine the legislative history of § 51–07–01.

The original statute enacted in 1937 did not include the phrase "written contract" but rather provided "whenever any person ... engaged in ... retailing farm implements ... may hereafter have a contract...." S.L.1937, ch. 125. In 1961 § 51–07–01 was amended to read "whenev-

facturer, or distributor, and held by such retailer on the date of the cancellation or discontinuance of such contract or thereafter received by such retailer from the wholesaler, manufacturer, or distributor....

"The provisions of this section shall be supplemental to any agreement between the retailer and the manufacturer, wholesaler, or distributor covering the return of farm implements, machinery, attachments, automobiles, trucks, and repair parts so that the retailer can elect to pursue either his contract remedy or the remedy provided herein, and an election by the retailer to pursue his contract remedy shall not

bar his right to the remedy provided herein as to those farm implements, machinery, attachments, automobiles, trucks, and repair parts not affected by the contract remedy.

"The provisions of this section shall apply to all contracts now in effect which have no expiration date and are a continuing contract, and all other contracts entered into or renewed after July 1, 1971. Any contract in force and effect on July 1, 1971, which by its own terms will terminate on a date subsequent thereto shall be governed by the law as it existed prior to the 1971 amendment."

er any person ... enters into a written contract...." S.L.1961, ch. 309. The amendment of an existing statute indicates the Legislature's intent to change the original Act. *City of Minot v. Knudson,* 184 N.W.2d 58 (N.D.1971). We conclude that the 1961 amendment to § 51–07–01 reflects the Legislature's intention to change the earlier law and to limit the statute's coverage to written contracts.

The fact that the second paragraph of the statute refers to "any agreement" rather than any written agreement does not alter our conclusion. This paragraph was added by amendment in 1971. S.L.1971, ch. 472. The amendment was designed to insure that a retailer's election to pursue his contract remedy does not bar his right to the statutory remedy. *See* House Industry, Labor and Business Committee Minutes on Senate Bill 2342, Forty-second Session 1971. Nowhere does the legislative history of this 1971 amendment indicate any legislative intent to contradict the specific reference in the first paragraph to a written contract so as to expand the statute's coverage to include oral contracts.

Nor does the reference in paragraph three to "contracts," rather than "written contracts," indicate that the statute applies to oral contracts. The 1937 statute provided that whenever a farm implement retailer "may hereafter have a contract...." Thus, the statute applied only to contracts made after its effective date of July 1, 1937. In 1942 the Code Reviser changed the phrase "may hereafter" to "The provisions of this section shall apply only to contracts made after July 1, 1937." The revision was made for purposes of clarity and did not change the statute's original meaning. *See* Code Reviser's Notes on § 51–0701 (1942). Subsequent legislation, beginning with the 1961 amendment limiting the statute's coverage to written contracts, simply reenacted this revision in slightly modified form as paragraph three and therefore does not denote any legislative intent to place all contracts, written and oral, within the coverage of § 51–07–01.

Construing § 51–07–01 in its entirety, as must be done, *Puklich & Swift, P.C. v. State Tax Comm'r,* 359 N.W.2d 846 (N.D.1984), we believe paragraph one is the substantive portion of the statute, while paragraphs two and three pertain to its ancillary application.

We conclude therefore that NDCC § 51–07–01 does not apply to Bostow's oral contract.

STATUTE OF LIMITATIONS

The statute of limitations for an action upon a liability created by statute is six years. NDCC § 28–01–16(2). For a contract for the sale of goods not covered by § 51–07–01, the statute of limitations is four years. NDCC § 28–01–16(1); § 41–02–104. Because Bostow's action was commenced over five years after it accrued, and because he had no statutory remedy pursuant to § 51–07–01, the district court was correct in determining that Bostow's action for breach of warranty was barred by the four-year statute of limitations.

Accordingly, the judgment of the district court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and GIERKE, JJ., concur.