HENRY D. MICHAEL, Respondent, v. JAMES GRADY and George
O. Goulet, Appellants.

(204 N. W. 182.)

**Execution — sale under execution en masse of property consisting of several
known lots or parcels is not void, but voidable.**

1. Real property consisting of two separate farms some distance apart and
separately operated was sold en masse under an execution issued on a judg-
ment of foreclosure. *Held,* that under § 7747, Comp. Laws, 1913, providing that
when real property sold under execution consists of several known lots or
parcels they must be sold separately:

A sale under execution en masse of property which consists of several known
lots or parcels is not void but voidable.

**Execution — purpose of statute requiring separate parcels of land to be sold
separately, stated.**

2. One of the purposes of the statute requiring the various known lots or
parcels to be sold separately is to protect the judgment debtor's right of re-
demption and to enable him to redeem any one or more of the parcels without
being compelled to redeem all.

**Execution — execution sale will be set aside on timely showing that right
of redemption is prejudiced by failure to comply with statutory re-
quirements.**

3. The right of redemption is a valuable right, and a sale will be set aside
on timely attack when it appears that the right of redemption has been
prejudiced by reason of failure to comply with the requirements of the statute
in making the sale.

**Execution — attack on sale under execution because of irregularities in
conduct thereof is timely if made within redemption period.**

4. Ordinarily, an attack on a sale under execution, on account of irregularities
in the conduct of the same, is timely if made within the redemption period.

Opinion filed May 5, 1925.   Rehearing denied June 5, 1925.

Executions, 23 C. J. § 589 p. 632 n. 19, 20, p. 633 n. 22 New; § 590 p. 634 n. 44;
§ 592 p. 635 n. 58; § 667 p. 676 n. 81; § 682 p. 688 n. 25 New; § 722 p. 712 n. 66.

Appeal from the district court of Barnes County, *Cole, J.*

Note.—(1) Amount of property to be sold under mortgage foreclosure sale, see
annotation in 15 L.R.A.(N.S.) 549; L.R.A.1917B, 517; 19 R. C. L. 575; 3 R. C. L.
Supp. 958.

From an order overruling a demurrer to the complaint, the defendants appeal. ·

Affirmed.

*John O. Hanchett,* for appellants.

The rule that distinct parcels should be separately sold is not generally enforced to the extent of denying the right to sell when the sale can be made in no other way. Hence the officer, after offering the parcels separately, and in various combinations, without receiving any bids, may then offer and sell them en masse. Freeman, Executions, 296.

"Where the officer, after offering the parcels separately and in various combinations, fails to receive any bids he is then justified in offering and selling them en masse." 17 Cyc. 1251; Wilson v. Corey, 114 La. 208, 86 N. W. 289; Connecticut Mut. L. Ins. Co. v. Brown, 81 Iowa, 42, 46 N. W. 749; Lamb v. McConkey, 76 Iowa, 47, 40 N. W. 77; Deadwood First Nat. Bank v. Black Hills Fair Asso. 2 S. D. 45, 48 N. W. 852; White v. Crow, 110 U. S. 183, 28 L. ed. 113; Nix v. Williams, 110 Ind. 234, 11 N. W. 36.

*Lemke & Weaver,* for respondent.

"There can be no very good reason supposable why lands will not bring some price separately as well as together, where they do not lie in one piece, and the owners cannot thus be deprived of their statutory right to redeem each parcel by itself." Udell v. Kahn, 31 Mich. 195.

"The duty of the sheriff to sell in separate parcels is absolute, Two parcels of land are sold, one valuable to the owner, and the other mortgaged for all its worth. If sold in a lump, it is impossible to tell how much of the price was bid for the parcel worth nothing to the defendant. The exercise of redemption, therefore, affords him no adequate protection. . . . As sustaining our view that in such a case the sale should be set aside, see Berry v. Lovi, 107 Ill. 612." Power v. Larabee, 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789.

That the mortgagee must use good faith in foreclosing, see the case of Hedlin v. Lee, 21 N. D. 495.

NUESSLE, J. On June 23rd, 1923 the sheriff of Barnes county, under an execution issued on a judgment of foreclosure, sold section

35, township 141, range 56 and the west half of section 5, township 140, Range 56. On June 18th, 1924 the plaintiff Michael brought an action to vacate and set aside such sale. The defendants demurred to the complaint, and this appeal now comes to this court from the order of the district court of Barnes county overruling the demurrer.

The plaintiff in his complaint alleged the ownership of the premises in question in the defendant Goulet; the execution and delivery of the mortgage foreclosed to the defendant Grady to secure the sum of thirty thousand dollars; the execution and delivery by Goulet to the plaintiff of a deed to the premises, subject to the mortgage of the defendant Grady; the foreclosure of such mortgage and the entry of judgment in the foreclosure action directing the sale of the premises in the manner provided by law; the sale under execution on such judgment; that at such sale the property was first offered by the sheriff in governmental subdivisions of 160 acres each but that no bids were received; then offered as separate tracts or farms but that no bids were received, then the whole property was offered en masse and sold to the judgment creditor for the sum of $34,716.38; that "said lands consist of two separate and distinct tracts of land and separate farms, located in different sections and townships and are over a mile apart, and not contiguous, one tract consisting of a section and the other of a half section, and that long before the making and delivery of said mortgage the aforesaid described two pieces of land have been separately managed, cultivated and farmed as separate farms by different tenants, and that these facts and conditions were well known at the time and prior to the foreclosure herein by the defendants and by the said sheriff"; that the sheriff neglected and refused to sell the lands as separate and distinct tracts or farms; "that the sale of both tracts and farms as a whole and for a lump sum deprived the plaintiff of his legal right to make redemption of one or both farms or tracts, and that making said sale as one has placed a burden and injustice on plaintiff, and unless such sale is set aside will cause an irreparable injury to said plaintiff and deprive him of his legal right to redeem one or both of said tracts or farms separately, as is provided by law." To this complaint the defendants demurred on the ground that it did not state facts sufficient to constitute a cause of action.

Section 7747, Comp. Laws, 1913, prescribing the time and manner of sales of property under execution, provides:

" . . . When the sale is of real property consisting of several known lots or parcels they must be sold separately. The judgment debtor, if present at the sale, may also direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels . . . and the sheriff or other officer must follow such directions."

Thus the whole question for determination is as to whether, where two separate non-contiguous tracts are sold en masse at execution sale, such sale may be set aside when attacked prior to the expiration of the period of redemption.

It will first be noted that the real property involved consisted of two separate and distinct farms, separately operated, and more than one mile apart. The property was first offered by the sheriff in governmental subdivisions of 160 acres each but no bids were received when it was so offered. It was then offered as separate tracts or farms, but no bids were received. It was finally offered as one whole tract and sold as such to the judgment creditor for the amount of the judgment and costs. There is no question as to the adequacy of the price bid and paid. It does not appear whether the plaintiff, who was a party defendant in the foreclosure proceeding, was present at the sale or not, nor does it appear that any request was made as to the manner in which the sale should be made. Neither was any objection offered to the manner of the sale at the time it was made. It does not appear that the sale was not confirmed. It will be further noted that no steps were taken to vacate or set aside the sale until at the very eve of the period of redemption.

The defendants contend that the statute, § 7747, supra, is directory only and was substantially complied with; that the property was offered in separate tracts, first in governmental subdivisions and then as separate farms; that no bids were received when it was so offered; that the right of the mortgagor and judgment creditor to realize upon his security cannot be defeated by reason of such fact; that, therefore, in the absence of bids when offered in separate tracts, the property was properly sold en masse; that it does not appear that the price received was inadequate; that there was no demand that the sale be

made in any different manner; that the plaintiff did not question the sale until at the last moment of the redemption period; that plaintiff's purpose is not to redeem but to extend the time of redemption another year and thus secure another year's use of the property. On the other hand, the plaintiff contends the statute is mandatory; that the property sold consisted of two separate independent farms situated a considerable distance apart; that no injustice would have been done to the defendants had the property been sold separately; that while no complaint is made on account of inadequacy of price, yet the plaintiff had the right to have the property sold separately so that he might redeem one or the other of the tracts as he saw fit, without reference to that tract which he did not care to or was not able to redeem; that the right of redemption is a valuable right and that he is injured in its exercise by reason of the manner in which the sale was made; that the sale in the manner as made is at least voidable; and that the attack is made within the period of redemption and is timely.

The requirement as to the manner of the sale embodied in the statute, § 7747, supra, is consistent with the general rule in that behalf. See §§ 23 C. J. 632 et seq. And in most jurisdictions it is held that where property is first offered for sale in separate parcels and no bids have been received thereon, it may be sold en masse. 23 C. J. 634. Further, the general rule is that a sale on execution en masse of property which should have been sold in separate parcels is not void but voidable only. Thomas v. Thomas, 44 Mont. 102, 119 Pac. 283, Ann. Cas. 1913B, 616; 23 C. J. 635; 10 R. C. L. 1297; Freeman, Executions, § 296 and cases cited; see also Power v. Larabee, 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789. This court had occasion to consider the purposes and requirements of the provisions of § 7747 in the case of Power v. Larabee, supra, wherein Mr. Justice Corliss, speaking for the court, said:

"The sheriff is required to sell each parcel separately, for two reasons. One is that the land may bring the best price, and that no more than enough to pay the lien may be sold; and the other is to enable the defendant to redeem any one or more of the parcels, without being compelled to redeem all the land sold. . . . But in so far as a sale in lump interferes with the defendant's right to redeem any particular

parcel or parcels, and compels him to redeem property which may not be worth redeeming, and in order to redeem the parcels of value to pay something additional on account of the necessity of redeeming that which it may not be profitable for him to redeem, the duty to sell in separate parcels is absolute. . . . Where there is a sale in parcels for an inadequate price, the right of redemption is a sufficient protection against sacrifice; but where the right of redemption is interfered with by selling several parcels in a lump, then it is the duty of the court to set aside the sale, unless the purchaser can show that no possible injury with respect to his redemption right could have resulted to defendant by the disregard of the statute requiring sale in separate parcels."

It is true in that case, while there was a flagrant disregard of the statute, the sale was not set aside for the reason that it was held that the plaintiff had waived the irregularity. Nevertheless what was said therein as to the purpose and requirement of the statute has never since been challenged. Rather it has been acquiesced in and approved by this court. See Bailey v. Hendrickson, 25 N. D. 500, 143 N. W. 134, Ann. Cas. 1915C, 739. South Dakota, with a statute practically identical with § 7747, has likewise approved and adopted the rule there enunciated. See Fienup v. Kleinman, 42 S. D. 43, 172 N. W. 804. We do not by any means wish to be understood as holding that every sale where it appears that property consisting of several known lots or parcels is sold en masse is subject to attack. We expressly refrain from so holding, particularly in those cases where the several parcels are first offered separately but no bids are received thereon. Whether a sale so made is subject to attack must depend upon the circumstances. The determining factor, we think, is whether prejudice is suffered by reason of the failure to comply with the statutory requirement. But in the instant case the question arises upon demurrer. The complaint alleges that the property in question consisted of two separate and distinct farms a considerable distance apart, farms which had been and were being operated by different tenants, and further alleges that by reason of the sale en masse, contrary to the mandate of the statute, the plaintiff was defeated of his right to redeem one or the other of the farms. It seems to us that the language and reasoning of Judge Corliss in Power v. Larabee, supra, are particularly applicable to the case

as stated in the complaint. The property was sold as a whole for a very large sum. The plaintiff might well be able to redeem one or the other of these separate farms and yet not be able to redeem both. We cannot conceive of any reason why the judgment creditor would have suffered any prejudice in bidding these farms in separately. There were no other bids so far as appears in the record before us. The right to redeem is a valuable right and so recognized. See Power v. Larabee, supra; Freeman, Executions, § 296. The statute aims at its protection. The plaintiff alleges prejudice to that right by reason of a sale not in accordance with the statute. This stands admitted on the demurrer. The action to set aside was timely, being within the period of redemption. See Power v. Larabee, supra; Freeman, Executions, § 307 and cases cited. Whether there are other facts and circumstances in the case such that the sale should not be disturbed, we are unable to say. Such would only be manifested on a trial of the cause.

The demurrer was properly overruled, and the order of the district court must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.