THOMAS FIGENSKAU, Nannie Figenskau, G. R. Brainard, and Kathryn Brainard, Appellants, v. AUGUST WIEGE and Henry G. Klindworth, as Sheriff of Mercer County, North Dakota, Respondents.

(219 N. W. 471.)

**Mortgages — complaint to set aside foreclosure sale — several parcels and lots — allegation that parcels could be sold separately to advantage, held sufficient.**

In an action to set aside a sale of land under a judgment of foreclosure where the complaint states, that the premises consist of several known parcels and lots of land which could advantageously be sold separately; that on the day of sale there was served upon the sheriff a demand requiring that the several lots and parcels be offered separately in a certain order therein specifically set forth; that the sheriff did commence to offer said tract in lots separately and without cause discontinued to so offer the same, and offered and sold said land in one body, such allegations together with other allegations in the complaint are a sufficient statement of a cause of action on demurrer.

Opinion filed May 11, 1928.

Mortgages, 42 C. J. § 1879 p. 238 n. 41.

Appeal from an order of the District Court of Mercer County, *Berry, J.*

Reversed.

*C. H. Starke,* for appellants.

*David Schwartz,* for respondents.

BURKE, J. This is an action to set aside a sale made under a judgment of foreclosure of a mortgage by action.

The complaint alleges that the plaintiffs, Thomas Figenskau and Nannie Figenskau, executed a mortgage upon section 23 in township 144, range 90 in Mercer county, North Dakota, upon which the sale of the premises was made; that G. R. Brainard is the owner of said premises, and that Kathryn Brainard is the owner of a subsequent mortgage in the sum of $4,800; that the defendant, August Wiege, purchased the premises at the foreclosure sale, and that the defendant, Henry G. Klindworth, was the sheriff of Mercer county. That on the 26th day of April 1926, F. B. Conrath, as sheriff of Mercer county, North Dakota, sold to the defendant, August Wiege, the said premises for the sum of $9,320.19 upon an execution issued upon a judgment of foreclosure and sale entered in the district court of Mercer county, on the 13th day of May 1925, that notice of sale was published in the Mercer County Farmer and the Hazen Star; that both of said notices were insufficient in that they did not contain a correct statement, but alleged an amount in excess of the proper amount due on said judgment in the sum of approximately seven hundred dollars, with interest at the rate of eight per cent per annum, instead of seven per cent as provided by law; that the notice published in the Mercer County Farmer contained a misstatement of the names of the parties defendant; all of which defects tended to and did stifle competition at the sale of said premises. That the report of the sale is untrue, in this, that said premises were sold by the said sheriff under the notice published in the Mercer County Farmer, and not under the notice as published in the Hazen Star; that except as so far as hereinafter set out the report is untrue so far as it sets forth that the premises were offered in separate parcels. That said premises consist of several known parcels or lots which could be sold advantageously separately; and that on the day of sale there was served upon F. P. Conrath, sheriff, a demand requiring that the separate

lots and parcels be offered separately in a certain order therein specially set forth; that in accordance with demand the said sheriff did commence to offer said tract separately in the order named, but subsequently and without cause discontinued to so offer the same, and offered the same and sold it in one body to the defendant, August Wiege. That the year of redemption of said premises from the purported sale aforesaid will expire on the 26th day of April, 1927, and the defendant, Henry G. Klindworth will unless restrained issue a deed to defendant August Wiege, which will cloud the title to said land and cause the plaintiff irreparable injury. Plaintiff asked that the said sale be set aside and vacated; or that on refusal to vacate said sale that the amount properly due on said judgment and necessary to redeem shall be ascertained, and the plaintiff, or any of them shall be permitted to redeem said premises upon the payment of the amount so found to be properly due, and that the defendant, Henry G. Klindworth be restrained from issuing to the defendant, August Wiege, or his assigns any deed upon said premises. There was a general demurrer to the complaint which was sustained by the trial court and the plaintiff appeals.

The office of a demurrer is, of course, to test the sufficiency of the complaint. It admits the truth of such facts as are well pleaded, and all intendments and inferences that may fairly and reasonably be drawn therefrom, and while such facts as are well pleaded will be construed in the light most favorable to the plaintiff, they are not admissions, and are in no sense regarded as an acknowledgment, or used as evidence. The demurrer merely denies the legal sufficiency of the facts alleged, solely for the purpose of testing their sufficiency in law.

The only question involved in this case, is whether the complaint states upon its face a cause of action. It alleges that plaintiff, G. R. Brainard, is the owner of the land in controversy and that the plaintiff, Kathryn Brainard, has a mortgage on the said land for $4,800, which is subsequent to the mortgage foreclosed. It is clear from these allegations that the plaintiffs have a substantial interest in the land, and are entitled to redeem from the foreclosure sale. It alleges, that the notice of sale stated an amount due on judgment of foreclosure in excess of the proper amount in the sum of seven hundred dollars; that said premises consist of several known parcels and lots of land which could advantageously be sold separately; and that on the day of sale

there was served upon the sheriff who made the sale a demand requiring that the separate lots and parcels be offered separately, and in a certain order; that the sheriff did commence to offer said tract separately in the order named, but without cause discontinued, and offered and sold the land in one body to the defendant, August Wiege.

Section 8105 Comp. Laws 1913, provides that a foreclosure sale by action "shall be made upon like notice and in the same manner as provided by law for the sale of real property on execution." Section 7747 Comp. Laws 1913, relating to the sale of real property on execution provides:

"When the sale is of real property consisting of several known lots or parcels they must be sold separately. The judgment debtor, if present at the sale, may also direct the order in which property . . . shall be sold." The purpose of this statute is to give the defendant an opportunity to redeem from any, or all parcels or lots, to sell only so much of the property as is necessary to pay the debt, and to get the highest possible price for the land sold. Power v. Larabee, 3 N. D. 502, 44 Am. St. Rep. 577, 57 N. W. 789; Michael v. Grady, 52 N. D. 740, 204 N. W. 182; Greene v. Newberry, 55 N. D. 783, 215 N. W. 273.

It is specifically alleged that "said premises consist of several known parcels and lots of land which could advantageously be sold separately." The complaint states a cause of action and the validity of the sale depends upon such issues as may be raised by the complaint and answer.

We are of the opinion that the complaint on its face states a cause of action, and order of the trial court sustaining the demurrer is reversed, and the case is remanded for further proceedings.

NUESSLE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.