**FEDERAL LAND BANK OF ST. PAUL, a body corporate, Plaintiff and Appellee,**

v.

**Ernest WALTZ, a/k/a Ernest J. Waltz and John E. Waltz, and Olive Waltz, a/k/a Olive C. Waltz, husband and wife; Defendants and Appellants,**

**The United States of America, acting through the Farmers Home Administration; and the United States of America, acting through the Administrator of the Small Business Administration, Defendants.**

Civ. No. 870319.

Supreme Court of North Dakota.

May 26, 1988.

Smith & Whitman, Bismarck, for defendants and appellants; argued by Sheldon A. Smith.

Traynor, Rutten & Traynor, Devils Lake, for plaintiff and appellee; argued by J. Thomas Traynor, Jr.

GIERKE, Justice.

The defendants, Ernest and Olive Waltz (hereafter collectively referred to as Waltzes), appeal from a district court summary judgment dated September 15, 1987, which granted foreclosure of a real estate mortgage held by the plaintiff, Federal Land Bank. We reverse.

On May 16, 1977, Waltzes executed and delivered a note and mortgage to Federal Land Bank in the amount of $400,000.00. The Waltzes subsequently defaulted on the note and mortgage and as a result Federal Land Bank declared the entire indebtedness immediately due and payable. The Waltzes were served with a notice before foreclosure which was dated April 3, 1987. The notice failed to contain the language required by Senate Bill No. 2469 [1] (hereafter SB No. 2469) which became effective April 2, 1987. Federal Land Bank served the Waltzes with a summons and complaint dated May 22, 1987. The Waltzes interposed an answer to the complaint which alleged various defenses to the foreclosure action. The Waltzes alleged the confiscatory-price defense set forth in Chapter 28–29 of the North Dakota Century Code. The Waltzes also alleged that Federal Land Bank's notice before foreclosure failed to comply with the requirements of SB No. 2469 and therefore was defective.

On August 14, 1987, Federal Land Bank filed a motion for summary judgment. For purposes of the summary judgment motion, Federal Land Bank admitted that the prices of the agricultural products are below the cost of their production. However, the issue of relief pursuant to Chapter 28–29 of the North Dakota Century Code was by stipulation of the parties reserved for post judgment proceedings and therefore the confiscatory-price defense is not being raised by the appellant herein as a basis for overturning the summary judgment. The trial court concluded that Federal Land Bank's failure to comply with the provisions of SB No. 2469 did not preclude Federal Land Bank from proceeding with the foreclosure action. Summary judgment was granted in favor of Federal Land Bank on September 15, 1987.[2] The Waltzes appealed.

The Waltzes argue on appeal that the trial court erred in holding that the failure of Federal Land Bank to include the lan-

---

1. S.B. 2469, 50th Legis. Assembly, 1987 N.D. Laws ch. 194.

2. The judgment contained a certification pursuant to Rule 54(b), N.D.R.Civ.P., that there was no just reason for delay of entry of judgment which provides that the failure to comply with the provisions of SB No. 2469 was not defective to the foreclosure action. Also, the execution on the judgment has been stayed until further order of the court pursuant to the provisions of Section 28–29–04, N.D.C.C.

guage required by SB No. 2469 in the notice before foreclosure did not affect the foreclosure action.

■ In order to bring an action in district court for foreclosure of a mortgage upon real property, the plaintiff must comply with the statutory provisions of Chapter 32–19 of the North Dakota Century Code. Section 32–19–01, N.D.C.C. Section 32–19–20 of the North Dakota Century Code[3] provides that a notice before foreclosure must be served upon the title owner of record of the real property described in the mortgage before an action to foreclose the mortgage may be commenced.[4] Certain items that must be included in the notice before foreclosure are set forth in Section 32–19–21 of the North Dakota Century Code which provides as follows:

"32–19–21. Contents of notice.—The notice before foreclosure shall contain:

"1. A description of the real estate.

"2. The date and amount of the mortgage.

"3. The amount due for principal, interest, and taxes paid by the owner of the mortgage, stated separately.

"4. A statement that if the amount due is not paid within thirty days from the date of the mailing or service of the notice proceedings will be commenced to foreclose the mortgage."

In 1987, the North Dakota Legislature enacted SB No. 2469 which was entitled Farm Home Redemption.[5] SB No. 2469 was declared to be an emergency measure and became effective upon its filing with the Secretary of State on April 2, 1987. Section 3 of the bill states as follows:

"SECTION 3. Separate redemption of known lots or parcels—Notice. In any proceeding to foreclose any mortgage

upon agricultural property as defined in subsection 1 of section 57–02–01, including a proceeding pursuant to chapter 15–03, 15–08, 32–19, 32–19.1, or 35–22, the executing creditor shall notify the debtor that the debtor may redeem known lots or parcels including a lot or parcel containing the debtor's home and some of the property surrounding the home separately from the remaining property. The notice required in sections 32–19–20 and 35–22–03 must contain a statement substantially similar to the following:

"WARNING: This creditor is seeking foreclosure on agricultural property that may contain your dwelling. Under North Dakota Law, you have the right to separate known lots or parcels of property, including a lot or parcel containing your dwelling and the surrounding property, and have those known lots or parcels sold in the order or sequence you want at the foreclosure sale. The lots or parcels you designate must be described by an accurate legal description. You have the right to redeem the lots or parcels you designate and describe accurately, including the lot or parcel that contains your dwelling, separate from the remaining property that is being foreclosed upon, by paying the purchase price within the redemption period, which is generally one year from the date of the sale. The purchase price for the known lots or parcels is the price bid at the foreclosure sale for those lots or parcels. You should consult with an attorney so you do not lose these valuable rights. You must provide the sheriff and the register of deeds with a legal description of the known lots or parcels you wish to re-

---

3. Section 32–19–20, N.D.C.C., provides as follows:

"32–19–20. Notice before foreclosure.—At least thirty days and not more than ninety days before the commencement of any action or proceeding for the foreclosure of a mortgage on real estate, a written notice shall be served on the title owner of record of the real estate described in the mortgage as shown by the records of the office of the register of deeds of the county in which such real estate is situated."

4. Failure to serve a notice before foreclosure or service of a defective notice before foreclosure does not affect in any way the debt secured by the mortgage sought to be foreclosed. *Larson v. Jacobson*, 54 N.D. 69, 73, 208 N.W. 833, 834 (1926).

5. Even though the entire text of SB No. 2469 is not set forth in the 1987 North Dakota Century Code, references to it are in the 1987 pocket part of the North Dakota Century Code and it is reprinted in its entirety at Chapter 194 of the 1987 North Dakota Session Laws.

deem at least ten business days before the date of the scheduled sheriff's sale. "If the creditor is foreclosing by action, an additional copy of the notice must be served with a summons and complaint. If the creditor is foreclosing by advertisement, an additional copy of the notice must be served no later than forty-five days prior to the date of the scheduled sale. The notice must be served in the same manner as service of a summons and complaint."

Waltzes argue that in a foreclosure action within the scope of SB No. 2469 the notice before foreclosure is fatally defective unless it includes language substantially similar to that required under SB No. 2469.

In *Production Credit Ass'n of Minot v. Lund,* 389 N.W.2d 585, 586–587 (N.D.1986), this Court stated as follows:

"The primary purpose of statutory construction is to ascertain the intent of the Legislature. *Hammond v. North Dakota State Personnel Board,* 332 N.W.2d 244 (N.D.1983). Generally, the legislative intent must be sought first from the language of the statutory provision. *Grace Lutheran Church v. North Dakota Employment Security Bureau,* 294 N.W.2d 767 (N.D.1980). In construing a statutory provision we consider the entire enactment of which it is a part and, to the extent possible, interpret the provision consistent with the intent and purpose of the entire Act."

■ Words used in statutes are to be understood in their ordinary sense unless a contrary intention plainly appears. Section 1–02–02, N.D.C.C. Words and phrases are to be construed according to the context and the rules of grammar and the approved usage of the language. Section 1–02–03, N.D.C.C. The word "must" as ordinarily used indicates a mandatory and not merely a directory or nonmandatory duty. *In Interest of D.S.,* 263 N.W.2d 114, 119 (N.D. 1978).

After review of the legislative history, we are convinced that the Legislature intended to require strict compliance with statutory provisions concerning foreclosure of a mortgage. Furthermore, the North Dakota Legislature stated in its declaration of findings of SB No. 2469 that it is in the best interest of the State to protect farm families from dislocation caused by the present financial crisis in agriculture.

■ Accordingly, we believe that the word "must" in SB No. 2469, which provides that the notice before foreclosure under Section 32–19–20 must contain a statement advising the mortgagor of the right to have the property sold in parcels, connotes an imperative or mandatory requirement. Thus, in any proceeding to foreclose a mortgage upon agricultural property the notice before foreclosure is legally insufficient unless it includes the language required by SB No. 2469.

In the instant case, Federal Land Bank sought to foreclose upon an agricultural property mortgage. On April 3, 1987, Federal Land Bank served the Waltzes with a notice before foreclosure as required under Section 32–19–20 of the North Dakota Century Code. It is undisputed that even though Federal Land Bank's notice before foreclosure was served after the effective date of SB No. 2469, it did not include the required language of SB No. 2469. It is also undisputed that it was brought to the attention of Federal Land Bank in Waltzes' answer that the notice before foreclosure did not include the language required by SB No. 2469. Because Federal Land Bank admittedly failed to comply with SB No. 2469 and because it proceeded with the action without making any effort to comply even after it had knowledge of the error in the notice, we cannot enforce the foreclosure action.

We conclude that Federal Land Bank's notice before foreclosure was fatally defective. Accordingly, the judgment of the trial court is reversed.

ERICKSTAD, C.J., and MESCHKE and LEVINE, JJ., concur.

VANDE WALLE, J., concurs in result.