PRODUCTION CREDIT ASSOCIATION OF MANDAN, Plaintiff and Appellee,

v.

Alden L. HENDERSON, Sarah Jane Henderson, Defendants and Appellants,

and

State of North Dakota, Defendant.

Civ. No. 870376.

Supreme Court of North Dakota.

Sept. 20, 1988.

Disselhorst Law Office, Bismarck, for defendants and appellants; argued by Thomas M. Disselhorst.

Tschider & Smith, Bismarck, for plaintiff and appellee; argued by Sean O. Smith.

GIERKE, Justice.

Defendants, Alden L. Henderson and Sarah Jane Henderson (hereafter collectively referred to as Hendersons), appeal from a district court order dated October 8, 1987, granting Production Credit Association's (PCA) motion to quash the designation of tracts submitted by the Hendersons for the sheriff's sale. We affirm.

On March 24, 1982, the Hendersons executed and delivered to PCA a real estate mortgage. The real estate mortgage contained a paragraph which provided in part as follows:

"And the Mortgagors agree that at any sale held pursuant to the power of sale herein, or pursuant to decree of court, all of the said described premises, or all of the same not theretofore released, may, at the option of the Mortgagee, be offered and sold in bulk as one parcel; and that all provisions of statute and rules of law to the contrary are hereby waived by Mortgagors."

On November 4, 1985, PCA filed a real estate mortgage foreclosure action against the Hendersons. On December 10, 1985, the Hendersons filed an answer generally denying the material allegations of the complaint and raising various affirmative defenses. A trial was scheduled for May 29, 1987.

The North Dakota Legislature enacted Senate Bill No. 2469[1] (hereafter SB No. 2469) which was entitled Farm Home Redemption and became effective upon its filing with the Secretary of State on April 2, 1987. SB No. 2469 provides that in any proceeding to foreclose a mortgage upon agricultural property the notice before foreclosure under Section 32–19–20, N.D. C.C.,[2] must contain a statement advising the mortgagor of the right to have the property sold in parcels. On April 27, 1987, PCA filed a notice pursuant to SB No. 2469.

Prior to trial, PCA and the Hendersons entered into a stipulation for judgment. The stipulation provided that the allegations of PCA's complaint were true and correct, that the defenses raised by the Hendersons in their answer were waived and that judgment was to be entered in favor of PCA and against the Hendersons for the relief requested in the complaint. Judgment was entered in favor of PCA on June 4, 1987.[3]

PCA scheduled a special execution sale of the mortgaged real property for August 10, 1987. The Hendersons filed with the Morton County Sheriff's Office a written document entitled "Sale Order" dated July 31, 1987. In response, PCA filed a motion on August 3, 1987, to quash the designation of tracts made by the Hendersons. The special execution sale scheduled for August 10, 1987, was cancelled and rescheduled for October 6, 1987. On September 21, 1987, a hearing was held on PCA's motion to quash the tract designation. The trial court, in a letter dated September 30, 1987, indicated that PCA's motion to quash the tract designation was granted and that the Hendersons' oral motion at the hearing to stay the special execution sale was denied. The special execution sale was completed as scheduled on October 6, 1987.[4] In a memorandum opinion and order dated

---

1. S.B. No. 2469, 50th Legis.Assembly, 1987 N.D. Laws ch. 194.

2. Section 32–19–20, N.D.C.C., provides as follows:

"32–19–20. Notice before foreclosure.—At least thirty days and not more than ninety days before the commencement of any action or proceeding for the foreclosure of a mortgage on real estate, a written notice shall be served on the title owner of record of the real estate described in the mortgage as shown by the records of the office of the register of deeds of the county in which such real estate is situated."

3. On August 7, 1987, the Hendersons filed an appeal from the judgment entered by the district court on June 4, 1987. The appeal filed August 7, 1987, was dismissed by an order of dismissal entered on November 12, 1987.

4. On October 20, 1987, the trial court filed an order of confirmation which provided that the special execution sale was conducted in conformity with North Dakota law and that the sale was in all things confirmed.

October 7, 1987, the trial court, after determining that SB No. 2469 and Section 28–23–07, N.D.C.C., were harmonious, concluded that the Hendersons expressly waived their right to have the real estate sold in parcels and therefore permitted PCA to sell the real estate in bulk. The Hendersons filed an appeal on December 14, 1987.

The Hendersons contend on appeal that the trial court erred in determining that the right to have the real estate sold in parcels pursuant to SB No. 2469 was expressly waived under the mortgage. The Hendersons argue that SB No. 2469 granted rights separate and distinct from Section 28–23–07 of the North Dakota Century Code. Therefore, the Hendersons argue that the rights under SB No. 2469 were unknown rights at the time the Hendersons signed the mortgage and that the waiver contained in the mortgage was invalid as to the unknown rights.

Statutory rights or benefits may be waived by the party entitled to such benefits unless such a waiver is against public policy or the statutory provision granting the right declares or implies that it may not be waived. Section 1–02–28, N.D.C.C.; *see also Breene v. Plaza Tower Ass'n*, 310 N.W.2d 730, 734 (N.D.1981); *Bartels v. City of Williston*, 276 N.W.2d 113, 122 (N.D.1979). Waiver requires knowledge of the rights intended to be waived and a voluntary and intentional relinquishment of those known rights. *Breene v. Plaza Tower Ass'n, supra; Public Service Commission v. American Grain & Cattle, Inc.*, 281 N.W.2d 48, 54 (N.D.1979).

Initially, we must determine whether or not waiver of the statutory right to have real property sold in separate lots or parcels at foreclosure sales is against public policy.

In *Greene v. Newberry*, 55 N.D. 783, 215 N.W. 273, 275 (1927), this Court stated as follows:

"It has further been held that the parties to a mortgage may (notwithstanding a statutory provision that real property consisting of several known lots or parcels shall be sold separately) contract that the lands described in the mortgage shall be sold en masse. *Bank of Sonoma County v. Charles*, 86 Cal. 392, 24 P. 1019. *See, also, Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 119 P. 82. And this court has held that the owner of the equity of redemption may waive the statutory right to have real property sold in separate parcels. *Power v. Larabee*, 3 N.D. 502, 57 N.W. 789, 44 Am.St.Rep. 577."

Thus, this Court recognized that, despite statutory provisions providing for the sale of real property as known lots or parcels, mortgagors may at the time of executing the mortgage waive the statutory right to have real property sold in separate lots or parcels.

Accordingly, we do not believe that waiver of the right to have known lots or parcels sold separately at foreclosure sales is contrary to public policy. Next, we must determine whether or not the rights provided in SB No. 2469 were unknown rights at the time of the waiver. In other words, we must decide whether or not the rights set forth in SB No. 2469 are substantially different than the rights set forth in Section 28–23–07 of the North Dakota Century Code.

Section 28–23–07 of the North Dakota Century Code applies in all execution sales including mortgage foreclosure actions and provides in part as follows:

"and when the sale is of real property consisting of several known lots or parcels they must be sold separately. The judgment debtor, if present at the sale, may direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels or of articles which can be sold to advantage separately, and the sheriff or other officer must follow such directions."

Thus, in a mortgage foreclosure action the debtor, if present at the sale, may designate the order in which the property shall be sold provided the property consists of known lots or parcels.

SB No. 2469 applies in agricultural mortgage foreclosure actions and provides in part as follows:

"SECTION 3.   Separate redemption of known lots or parcels—Notice.   In any proceeding to foreclose any mortgage upon agricultural property as defined in subsection 1 of section 57–02–01, including a proceeding pursuant to chapter 15–03, 15–08, 32–19, 32–19.1, or 35–22, the executing creditor shall notify the debtor that the debtor may redeem known lots or parcels including a lot or parcel containing the debtor's home and some of the property surrounding the home separately from the remaining property.   The notice required in sections 32–19–20 and 35–22–03 must contain a statement substantially similar to the following:

"WARNING: This creditor is seeking foreclosure on agricultural property that may contain your dwelling.   Under North Dakota Law, you have the right to separate known lots or parcels of property, including a lot or parcel containing your dwelling and the surrounding property, and have those known lots or parcels sold in the order or sequence you want at the foreclosure sale.   The lots or parcels you designate must be described by an accurate legal description.   You have the right to redeem the lots or parcels you designate and describe accurately, including the lot or parcel that contains your dwelling, separate from the remaining property that is being foreclosed upon, by paying the purchase price within the redemption period, which is generally one year from the date of the sale.   The purchase price for the known lots or parcels is the price bid at the foreclosure sale for those lots or parcels.   You should consult with an attorney so you do not lose these valuable rights.   You must provide the sheriff and the register of deeds with a legal description of the known lots or parcels you wish to redeem at least ten business days before the date of the scheduled sheriff's sale.

"If the creditor is foreclosing by action, an additional copy of the notice must be served with a summons and complaint. If the creditor is foreclosing by advertisement, an additional copy of the notice must be served no later than forty-five days prior to the date of the scheduled sale.   The notice must be served in the same manner as service of a summons and complaint.

"SECTION 4.   Designation of known lots or parcels to be separately redeemed.   The debtor may designate the known lots or parcels that are to be sold separately at the foreclosure sale.   The known lots or parcels designated may include the home of the debtor, and may include its appurtenances and the surrounding contiguous land.   The debtor shall serve a copy of the legal description of the designated lots or parcels on the sheriff and the register of deeds at least ten business days before the date of the scheduled sheriff's sale.

"SECTION 5.   Sale of property.   Any sheriff who receives a designation of the legal description for the known lots or parcels pursuant to section 4 of this Act shall offer and sell those lots or parcels separately from the remaining property. At the foreclosure sale, or in writing at least ten days prior to the sale, the debtor may direct the division of the property into known lots or parcels and may direct the order in which the lots or parcels and the remaining property, or other property may be sold, as provided by section 28–23–07.   In order to direct the division of property into known lots or parcels and to direct the order in which those lots or parcels are to be sold, the lots or parcels must have an accurate legal description.

"SECTION 6.   Redemption of known lots or parcels designated by the debtor after foreclosure.   If, on the effective date of this Act, in any proceeding where a debtor has had agricultural property foreclosed upon but the period of redemption has not expired, and the debtor has not received the notice required by section 3 of this Act, the debtor may agree in writing with the purchaser of the agricultural property to separately

redeem known lots or parcels that the debtor has designated, including a lot or parcel that contains the debtor's home, appurtenances, and other property. The agreement must be recorded and must include a legal description of the property redeemed and the amount to be paid to redeem the property."

Thus, Section 3 of SB No. 2469 requires a new notice to the debtor informing him that he may designate known lots or parcels, identify the order of the sale of such lots or parcels, and may separately redeem the lots or parcels. Section 4 of SB No. 2469 requires the debtor to provide written notice of the tract designation to the sheriff ten business days before the date of the sale. Section 5 of SB No. 2469 requires the sheriff to sell the lots or parcels in the sequence designated by the debtor provided the lots or parcels have an accurate legal description. Section 6 of SB No. 2469 provides for redemption of known lots or parcels designated by the debtor after foreclosure.

The trial court, after reviewing SB No. 2469 and Section 28–23–07, determined that SB No. 2469 changes very little of the already existing law on sale and redemption of separate lots or parcels in foreclosure actions. The trial court stated that the only significant change in SB No. 2469 is to require the debtor to make the tract designation in writing ten days before the sheriff's sale rather than, as required by Section 28–23–07, to make the tract designation while being personally present at the sale. Additionally, SB No. 2469 requires the executing creditor to notify the debtor of the right to designate tracts and specifies that any tract designation must have an accurate legal description. The trial court concluded that the Hendersons waived the opportunity to have the real estate sold in parcels.

After comparing the provisions of SB No. 2469 and Section 28–23–07 which are at issue in this case, we do not believe that the right to designate tracts in a foreclosure sale was an unknown right which could not have been waived by the Hendersons under the real estate mortgage.

We therefore conclude the trial court properly determined that the Hendersons waived under the mortgage the right to have the real estate sold in lots or parcels pursuant to SB No. 2469. Accordingly, the judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.