FIRST SECURITY BANK, UNDER-
WOOD, NORTH DAKOTA,
Plaintiff and Appellee,

v.

David ENYART, aka David W. Enyart,
Defendant and Appellant,

and

Jane Enyart, Defendant.

Civ. No. 880288.

Supreme Court of North Dakota.

April 19, 1989.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for defendant and appellant; argued by Gerry Gunderson.

Coles & Snyder, Bismarck, for plaintiff and appellee; argued by James J. Coles.

ERICKSTAD, Chief Justice.

David Enyart appeals from the order of the district court, dated September 8, 1988, granting First Security Bank's motion to quash the Notice of Separate Sale and Redemption filed by Enyart pursuant to Senate Bill No. 2469 (Chapter 194, Session Laws of 1987) (hereinafter SB No. 2469).[1] We reverse and remand.

---

1. SB No. 2469 went into effect April 2, 1987, and expires June 30, 1989. Although not pertinent

to this appeal, we note that at the time this opinion was written, the 1989 North Dakota

This appeal arises out of a mortgage foreclosure action against 93 acres of agricultural property Enyart inherited from his father. The land is located near the Missouri River, and of the 93 acres, approximately 45 acres is cropland and the rest is pasture and timberland. Since Enyart obtained title, the land has been farmed together with a larger tract of land owned by his mother.

In 1984, Enyart borrowed money from the Bank and mortgaged the property as security. Enyart subsequently defaulted on the note and on October 6, 1987, the Bank sent Enyart a Notice Before Foreclosure informing him that unless he paid the defaulted amount within thirty (30) days, proceedings would be commenced to foreclose the mortgage. The notice also included a warning pursuant to section 3, SB No. 2469. A judgment and decree in foreclosure was entered August 2, 1988, in favor of the Bank, adjudging the amount due to the Bank and further determining that the property "may be sold in one piece or parcel, the same being a contiguous tract of land." The sheriff was directed to sell the property and September 14, 1988, was set as the date for the sale.

On August 29, 1988, Enyart filed, and had recorded, a Notice of Separate Sale and Redemption, directing that the property be sold in separate known lots or parcels as follows:

"The East One Half of the East One Half of the Southeast Quarter (E½E½SE¼) of Section Twenty-nine (29), Township One Hundred Forty-four (144) North Range Eighty-three (83) West of the Fifth Principal Meridian, McLean County, North Dakota."
and
"The East 93 acres of the Southeast Quarter (SE¼) except the East One Half of the East One Half of the Southeast Quarter (E½E½SE¼) of Section Twenty-nine (29), Township One Hundred Forty-four (144) North Range Eighty-three (83) West of the Fifth Principal Meridian, McLean County, North Dakota."

The Notice further asserted that the lots were designated by an accurate legal description, and directed the sheriff to sell the lots at the Sheriff's Sale separately, and to solicit bids on each separate tract of property. It also, in essence, requested that the Enyarts be entitled to redeem the property separately.

On August 31, 1988, the Bank made a motion to quash the Notice of Separate Sale and Redemption filed by Enyart. The Bank asked that the Notice be quashed for three reasons: the property did not constitute Enyart's homestead; the designation of separate parcels was not reasonable as contemplated by statute as the property did not constitute separate known lots or parcels; and the designation was made for the purpose of harassing the Bank.

A hearing was held September 6, 1988, and the district court determined that the tract of real property subject to this mortgage foreclosure action, described as:

"The East Ninety-three (93) acres of the Southeast Quarter (SE¼) of Section Twenty-nine (29), Township One Hundred Forty-four (144) North of Range Eighty-three (83) West of the Fifth Principal Meridian, McLean County, North Dakota.

cannot be divided into known or identifiable lots or tracts of land and that the separate sale of such property as proposed by the defendants is contrary to any division of such real property as contemplated by this statute...."

The court ordered that the Notice of Separate Sale and Redemption be quashed. On September 14, 1988, the property was sold to the Bank at a public auction.

Enyart brings this appeal, asking whether or not the district court erred in granting the Bank's motion to quash his Notice

Legislature was considering House Bill No. 1621. HB No. 1621 is:
"A BILL for an Act to provide farmers the right to redeem homesteads separately from other property; to amend and reenact sections 15-07-04 and 28-23-07 of the North

Dakota Century Code, relating to sale of land by the board of university and school lands and to waivers of right to designate lots at execution sale; to provide an expiration date; and to declare an emergency."

of Separate Sale and Redemption. He asserts that the Notice complied with the provisions of SB No. 2469.

SB No. 2469 reads in pertinent part:

"*SECTION 3.* Separate redemption of known lots or parcels—Notice. In any proceeding to foreclose any mortgage upon agricultural property ... the executing creditor shall notify the debtor that *the debtor may redeem known lots or parcels including a lot or parcel containing the debtor's home and some of the property surrounding the home separately from the remaining property.* The notice required ... must contain a statement substantially similar to the following:

"WARNING: This creditor is seeking foreclosure on agricultural property that may contain your dwelling. Under North Dakota Law, *you have the right to separate known lots or parcels of property, including a lot or parcel containing your dwelling and the surrounding property, and have those known lots or parcels sold in the order or sequence you want at the foreclosure sale. The lots or parcels you designate must be described by an accurate legal description.* You have the right to redeem the lots or parcels you designate and describe accurately, including the lot or parcel that contains your dwelling, separate from the remaining property that is being foreclosed upon, by paying the purchase price within the redemption period, which is generally one year from the date of the sale. The purchase price for the known lots or parcels is the price bid at the foreclosure sale for those lots or parcels. You should consult with an attorney so you do not lose these valuable rights. You must provide the sheriff and the register of deeds with a legal description of the known lots or parcels you wish to redeem at least ten business days before the date of the scheduled sheriff's sale. [Emphasis added.]

\*   \*   \*   \*   \*   \*

"*SECTION 4.* Designation of known lots or parcels to be separately redeemed. The debtor may designate the known lots or parcels that are to be sold separately at the foreclosure sale. *The known lots or parcels designated may include the home of the debtor, and may include its appurtenances and the surrounding contiguous land.* The debtor shall serve a copy of the legal description of the designated lots or parcels on the sheriff and the register of deeds at least ten business days before the date of the scheduled sheriff's sale." [Emphasis added.]

We construed SB No. 2469 in *Federal Land Bank of St. Paul v. Waltz*, 423 N.W.2d 799 (N.D.1988), and *Production Credit Ass'n v. Henderson*, 429 N.W.2d 421 (N.D.1988). In *Waltz*, the Federal Land Bank failed to include the language required by section 3 of SB No. 2469 in the notice before foreclosure. After reviewing the legislative history, we were convinced that "the Legislature intended to require strict compliance with statutory provisions concerning foreclosure of a mortgage.[2] Furthermore, the North Dakota Legislature stated in its declaration of findings of

---

**2.** In *Northwestern Nat. Life Ins. Co. v. Delzer,* 425 N.W.2d 365, 368 (N.D.1988), we held that: "strict compliance with the notice before foreclosure provisions is not a jurisdictional prerequisite to the district court's exercise of subject matter jurisdiction over the foreclosure action." We cautioned, however, that this holding should not be taken as "an indication that we will tolerate diminished compliance with statutorily required foreclosure procedures. As we recently stated in *Federal Land Bank of St. Paul v. Waltz,* 423 N.W.2d 799, 802 (N.D.1988), 'we are convinced that the Legislature intended to require strict compliance with statutory provisions concerning foreclosure of a mortgage.'" *Id.*

The facts presented in *Delzer* differed significantly from those in *Waltz.* The debtor in *Waltz* raised the defect in the notice before foreclosure in his answer, while the debtor in *Delzer* did not raise the issue of a defect in the notice before foreclosure until the motion to vacate the judgment nearly two and one-half years after the entry of judgment.

We concluded that, although *Waltz* indicates that strict compliance is necessary, "a defect in the notice before foreclosure and the failure to file the notice with the complaint present defenses which must be raised by the debtor." *Northwestern Nat. Life Ins. Co. v. Delzer, supra,* 425 N.W.2d at 368.

SB No. 2469 that it is in the best interest of the State to protect farm families from dislocation caused by the present financial crisis in agriculture." [Footnote added.] *Federal Land Bank of St. Paul v. Waltz, supra*, 423 N.W.2d at 802. We held that "in any proceeding to foreclose a mortgage upon agricultural property the notice before foreclosure is legally insufficient unless it includes the language required by SB No. 2469." *Id.*

In *Production Credit Ass'n v. Henderson*, the mortgage the Hendersons signed contained a paragraph which provided that, at the option of the mortgagee, the property could be offered and sold in bulk as one parcel and, further, that all provisions of statute and rules of law to the contrary were waived by the mortgagor. Nevertheless, after receiving a Notice Before Foreclosure containing the language required by section 3 of SB No. 2469, the Hendersons filed with the sheriff a document separating the property into tracts and parcels and designating the order of sale of those parcels. PCA filed a motion to quash the tract designation and the trial court, "after determining that SB No. 2469 and Section 28–23–07, N.D.C.C., were harmonious, concluded that the Hendersons expressly waived their right to have the real estate sold in parcels and therefore permitted PCA to sell the real estate in bulk." *Production Credit Ass'n v. Henderson, supra*, 429 N.W.2d at 423.

Hendersons' main issue on appeal was that SB No. 2469 granted rights separate and distinct from section 28–23–07, N.D.C.C., and therefore the rights under SB No. 2469 were unknown rights at the time they signed the mortgage, rendering the waiver invalid.[3] After comparing the provisions of SB No. 2469 and section 28–23–07 which were at issue in the case, we said "we do not believe that the right to designate tracts in a foreclosure sale was an unknown right which could not have been waived by the Hendersons under the real estate mortgage." *Production Credit Ass'n v. Henderson, supra*, 429 N.W.2d at 425.

Section 28–23–07, N.D.C.C., applies in all execution sales including mortgage foreclosure actions and provides in part:

"[W]hen the sale is of real property consisting of several known lots or parcels they must be sold separately. The judgment debtor, if present at the sale, may direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels or of articles which can be sold to advantage separately, and the sheriff or other officer must follow such directions."

This Court has construed section 28–23–07, N.D.C.C., and its predecessors, to permit debtors, if present at the foreclosure sale, to designate the order of sale of real property, when that real property consists of several known lots or parcels. *See Figenskau v. Wiege*, 56 N.D. 768, 219 N.W. 471 (1928); *Greene v. Newberry*, 55 N.D. 783, 215 N.W. 273 (1927); *Michael v. Grady*, 52 N.D. 740, 204 N.W. 182 (1925); *Bailey v. Hendrickson*, 25 N.D. 500, 143 N.W. 134 (1913); and *Power v. Larabee*, 3 N.D. 502, 57 N.W. 789 (1894). The debtor, therefore, has had, for almost one hundred years, the right to have known lots or parcels sold separately. In *Greene v. Newberry*, we said that one of the objects of requiring a separate sale of distinct farms or parcels covered by a mortgage is "to

---

**3.** Hendersons also asserted that, under SB No. 2469, they should be allowed to separately designate the lot containing their home and direct the sheriff to sell that lot first so that they might either buy it at the foreclosure sale or redeem it from PCA. Although the Hendersons did list the lot containing their home first when designating tracts, they then separated the rest of the property into 25 different parcels, ranging in size from 80 acres to 6.75 acres. Alden Henderson conceded that this parcel designation divided known tracts of cropland and known tracts of pastureland into very small tracts, and that such divisions tended to destroy the usefulness of the cropland, effectively taking land out of production for both crop and pasture purposes.

Given those circumstances, this Court did not recognize or resolve the issue of whether or not SB No. 2469 allowed a mortgagor to designate a lot or parcel containing the home or dwelling, enabling it to be sold or redeemed separately, as fundamental to Hendersons' appeal. No petition for rehearing was filed with this Court.

afford the debtor (or those claiming under him) an opportunity to redeem any of the separate farms or parcels sold." *Greene v. Newberry, supra,* 215 N.W. at 275.

If the lot or parcel containing the debtor's home or dwelling is already a separate "known" lot or parcel, then the debtor has the right, under section 28–23–07, N.D. C.C., to have that lot or parcel sold first at the execution sale. Enyart contends that SB No. 2469 now gives the debtor the right to make any lot or parcel "known," and therefore subject to separate sale and redemption, by designating it as such and filing an accurate legal description with the sheriff and with the register of deeds ten business days prior to the execution sale. The Bank, on the other hand, asserts that the lots or parcels must already be "known" prior to the foreclosure action, in order to be designated for separate sale and redemption and claims that "[a] mere reading of the description of the second tract makes it clear that the defendant is unable to properly describe the second tract of property other than to describe it as the entire tract less the part previously described."

The issue we must resolve is whether or not the parcels designated by Enyart in the Notice of Separate Sale and Redemption are in accordance with the provisions of SB No. 2469.

The interpretation of a statute is a question of law and fully reviewable by this Court. *Aanenson v. Bastien,* 438 N.W.2d 151 (N.D.1989); *Ladish Malting Co. v. Stutsman County,* 351 N.W.2d 712 (N.D. 1984). The purpose behind the enactment of SB No. 2469 represents a starting point for our inquiry and analysis. *Van Ornum v. Otter Tail Power Co.,* 210 N.W.2d 207 (N.D.1973), overruled on other grounds by *Hulne v. International Harvester Co.,* 322 N.W.2d 474, 476 (N.D.1982); 2A Sutherland Stat. Const. § 45.09 p. 40 (4th Ed.1984). The 1987 Legislature enacted SB No. 2469, declaring that:

"1.  This state is suffering from a financial crisis in agriculture that affects the entire economic health of this state.

"2.  A large number of farm families are in economic distress and are being forced to leave their farms, abandon their investments, and move to other areas. This adversely affects the towns, business communities, and school districts in rural areas.

"3.  It is in the best interest of the state to protect farm families from the dislocation caused by the financial crisis in agriculture.

"4.  This Act is enacted pursuant to the police powers of the state in times of economic crisis and in accordance with article XI, section 22, of the Constitution of North Dakota, which requires the legislative assembly to adopt wholesome laws protecting homesteads."

As with the entire North Dakota Century Code, section 1–02–01, N.D.C.C.,[4] requires that SB No. 2469 be liberally construed. In doing so, we look first to the language of the statute. *Aanenson v. Bastien, supra,* 438 N.W.2d 151 (1989); *Milbank Mut. Ins. Co. v. Dairyland Ins. Co.,* 373 N.W.2d 888 (N.D.1985).

Section 3 of SB No. 2469 provides that "the debtor may redeem known lots or parcels *including a lot or parcel containing the debtor's home and some of the property surrounding the home* separately from the remaining property" and further requires the creditor to warn the debtor that he has "the right to separate known lots or parcels of property, *including a lot or parcel containing your dwelling and the surrounding property,* and have those known lots or parcels sold in the order or sequence you want at the foreclosure sale." [Emphasis added.]

4.  Section 1–02–01, N.D.C.C., reads:
    "*Rule of construction of code.* The rule of the common law that statutes in derogation thereof are to be construed strictly has no application to this code. The code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be construed liberally, with a view to effecting its objects and to promoting justice."

Section 4 provides that "[t]he debtor may designate the known lots or parcels that are to be sold separately at the foreclosure sale. *The known lots or parcels designated may include the home of the debtor, and may include its appurtenances and the surrounding contiguous land."* [Emphasis added.]

A statute must be construed in its entirety, *Bostow v. Lundell Mfg. Co.*, 376 N.W. 2d 20 (N.D.1985), and meaning must be given, if possible, to every word, clause, and sentence. *DeLair v. County of LaMoure*, 326 N.W.2d 55 (N.D.1982). All sections of a statute must be construed to have meaning because the law neither does nor requires idle acts. *County of Stutsman v. State Historical Soc.*, 371 N.W.2d 321 (N.D.1985); 2A Sutherland Stat. Const. § 46.06 p. 104 (4th Ed.1984).

If a statute's language is ambiguous or of doubtful meaning, we may consider extrinsic aids, including the legislative history, along with the language of the statute, to ascertain legislative intent. *Winkler v. Gilmore & Tatge Mfg. Co., Inc.*, 334 N.W. 2d 837 (N.D.1983); section 1–02–39(3), N.D. C.C. The minutes of the Senate Standing Committee on Agriculture of the hearing of January 30, 1987, on SB No. 2469 of the 1987 Legislative Session, contain this statement:

*"Sen. Kelsh,* District 26, the prime sponsor of the bill, testified in support of SB 2469. He provided written testimony to the Committee. Stated that foreclosed farm property is generally sold as one big parcel, including the farmstead and farm home. Thus the debtor who wishes to redeem must pay the full amount of debt, interests and costs for the full property. *The only exemption is that separate parcels of land may be sold separately. Purpose of this law is to give the debtor on a foreclosure or a contract for deed termination, the right to redeem or pay for that part of the property which contains his home.* This will help the local communities, churches and schools to keep these farmers in the area until they can recover." [Emphasis added.]

■ Applying the rules of statutory construction previously mentioned to the express language of SB No. 2469, and in light of the purpose of SB No. 2469, we conclude that SB No. 2469 permits the debtor to designate the lot or parcel containing his home or dwelling for separate sale and redemption. If we didn't so conclude, the "debtor's home" language would be superfluous.[5] This right is in addition to the right granted under section 28–23–07, N.D. C.C., and reinforced in SB No. 2469, allowing the debtor to designate separate

5. Compare section 28–23–07, N.D.C.C., and SB No. 2469. Section 28–23–07, N.D.C.C., reads in pertinent part:

"[W]hen the sale is of real property consisting of several known lots or parcels they must be sold separately. The judgment debtor, if present at the sale, may direct the order in which property, real or personal, shall be sold, when such property consists of several known lots or parcels or of articles which can be sold to advantage separately, and the sheriff or other officer must follow such directions."

Section 4 of SB No. 2469 provides:

"*SECTION 4.* Designation of known lots or parcels to be separately redeemed. The debtor may designate the known lots or parcels that are to be sold separately at the foreclosure sale. The known lots or parcels designated may include the home of the debtor, and may include its appurtenances and the surrounding contiguous land. The debtor shall serve a copy of the legal description of the designated lots or parcels on the sheriff

and the register of deeds at least ten business days before the date of the scheduled sheriff's sale."

Section 4 of SB No. 2469 contains language providing that a designated lot or parcel "may include the home of the debtor, and may include its appurtenances and the surrounding contiguous land."

Section 3 of SB No. 2469 also contains similar language. *See* text at page 4.

" 'It is an elementary rule of construction that effect must be given, if possible, to every word, clause and sentence of a statute.' A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." [Footnotes omitted.] 2A Sutherland Stat. Const. § 46.06 p. 104 (4th Ed.1984).

Therefore, we must assume the Legislature intended some additional meaning by the references in SB No. 2469, allowing a designated lot to include the home or dwelling of the debtor, which are not found in section 28–23–07, N.D.C. C.

"known" lots for separate sale and redemption.[6]

An equally persuasive conclusion can be drawn from an analysis of section 28–23–07, N.D.C.C., without reference to SB No. 2469 and its legislative history. Section 28–23–07, N.D.C.C., has always permitted the mortgagor to separate out and direct the sheriff to sell first the home of a farmer or rancher at auction, as that home is clearly discernible on the prairies of North Dakota with its contiguous property, and is easily ascertainable and surveyable. Being so easily ascertainable, and surveyable, it is a known lot or parcel. (It is significant that the Legislature did not restrict the lots or parcels to those described in the original governmental survey.) This conclusion is consistent with the custom of the North Dakota Legislature to be sympathetic with the agricultural debtor in this state. *See* sections 28–29–04, –05, and –06, N.D.C.C. (confiscatory price defense statutes); *Federal Land Bank of St. Paul v. Halverson,* 392 N.W.2d 77 (N.D.1986); *Production Credit Ass'n of Minot v. Lund,* 389 N.W.2d 585 (N.D.1986); *Federal Land Bank of St. Paul v. Thomas,* 386 N.W.2d 29 (N.D.1986); *Lang v. Bank of North Dakota,* 377 N.W.2d 575 (N.D.1985); and *Folmer v. State,* 346 N.W.2d 731 (N.D. 1984). This conclusion, that the right is not newly created, is also consistent with our holding in *PCA v. Henderson,* where we found that the Hendersons had waived their right to designate tracts in a foreclosure sale. *PCA v. Henderson,* 429 N.W. 2d at 425.

In order to designate the lot or parcel containing the debtor's home, SB No. 2469 requires the debtor to serve a copy of the legal description of the lot or parcel on the sheriff and the register of deeds at least ten business days before the date of the scheduled sheriff's sale. In other words, the lot must contain the home or dwelling of the debtor, the lot must be described with an accurate legal description, and proper service must be made.

Although the record indicates that a house does stand on the lot Enyart designated first on his Notice of Separate Sale and Redemption, no findings were made in the trial court's Findings and Order regarding whether or not this house is, or was, Enyart's home or dwelling. We therefore reverse and remand with directions to the district court to receive further evidence, if either party so requests, and make appropriate findings as to whether or not the described lot contains Enyart's home in light of the law as we have stated it in this case.[7]

The Bank has argued that the description Enyart used to designate the separate parcels is not a proper description. In the context of a description in a deed, we have said that "the description is sufficient if the reference to the property in the deed is such that the court, by pursuing an inquiry based upon the words of reference, is able to identify the particular property to the exclusion of all other property." *State v. Rosenquist,* 78 N.D. 671, 51 N.W.2d 767, 778 (1952); *see also Mitchell v. Nicholson,* 71 N.D. 521, 3 N.W.2d 83 (1942); and *Rad-*

---

**6.** Although in *Production Credit Ass'n v. Henderson,* 429 N.W.2d at 423, we said that "we must decide whether or not the rights set forth in SB No. 2469 are substantially different than the rights set forth in Section 28–23–07 of the North Dakota Century Code," our holding was a limited one. We said that "we do not believe that the right to designate tracts in a foreclosure sale was an unknown right which could not have been waived by the Hendersons under the real estate mortgage." *Henderson, supra* at 425.

**7.** Although the trial court made the statement near the conclusion of the hearing on the motion to quash the Notice of Separate Sale and Redemption that "this is not a farm home," no such finding was included in the court's order.

Furthermore, the language in sections 3 and 4 of SB No. 2469 does not refer to a "farm home" but to a lot or parcel which contains the home or dwelling of the debtor. The debtor referred to is one who is involved in "any proceeding to foreclose any mortgage upon agricultural property as defined in subsection 1 of section 57–02–01, ..." Section 3 of SB No. 2469.

The court's statement in summary at the close of the hearing was to this effect: "[T]he Court will grant your motion to quash the proposed sale, for all of these reasons: one, that the property is not identifiable; and, secondly, that the law, as composed, does not contemplate the division of property in this fashion."

*spinner v. Charlesworth,* 369 N.W.2d 109 (N.D.1985). A liberal rule of construction will be applied, and "if a surveyor with the deed before him can, with the aid of extrinsic evidence if necessary, locate the land and establish its boundaries, the description therein is sufficient." *State v. Rosenquist, supra,* 51 N.W.2d at 779. If the description Enyart used to designate the parcels identifies that particular property to the exclusion of all other property, then it is an accurate legal description. There is apparently no dispute as to whether or not Enyart properly served the Notice of Separate Sale and Redemption.

For the reasons stated herein, we reverse the order of the district court quashing the Notice of Separate Sale and Redemption and remand for further proceedings consistent with this opinion. Costs on appeal are awarded Enyart.

VANDE WALLE, GIERKE, MESCHKE and LEVINE, JJ., concur.