## J. H. BREWER, Respondent, v. HUGO FORSBERG, Appellant.

(205 N. W. 686.)

**Mortgages — filing and recording notice of intention to foreclose and proof of service prior to filing and recording sheriff's certificate of sale held sufficient.**

1. The provision of chapter 131, Sess. Laws, 1919, relating to the filing and recording of notice of intention to foreclose with affidavit of proof of service thereof, is sufficiently complied with where such notice and proof of service are filed and recorded prior to the filing and recording of the sheriff's certificate of sale.

**Mortgages — notice of intention to foreclose, reciting taxes on mortgaged property have not been paid, and stating amount thereof, held not fatally defective.**

2. A notice of intention to foreclose pursuant to the provisions of chapter 131, Sess. Laws, 1919, is not fatally defective where in addition to the requirements of the statute, such notice recites that the taxes on the mortgaged property have not been paid and states the amount of the same.

**Mortgages — statute requiring thirty days' written notice before proceedings to foreclose mortgage held not to negative ordinary legal effect of acceleration clause.**

3. Held, following State Bank v. First Nat. Bank, 49 N. D. 611, that the provision of chapter 131, Sess. Laws, 1919, requiring thirty days' written notice

---

**Note.**— (2) Sufficiency of notice of intention to foreclose mortgage, see 19 R. C. L. 598.

before proceedings to foreclose a mortgage on real property does not negative the ordinary legal effect of an acceleration clause in a mortgage.

Opinion filed October 22, 1925.

Constitutional Law, 12 C. J. § 699 p. 1057 n. 88; § 703 p. 1058 n. 4; § 707 p. 1059 n. 25. Mortgages, 41 C. J. § 1385 p. 948 n. 68; § 1386 p. 948 n. 71; p. 949 n. 73; § 1408 p. 963 n. 26; 27 Cyc. p. 1522 n. 96; p. 1541 n. 30.

Appeal from the District Court of Foster County, *Jansonius,* J. Affirmed.

*C. B. Craven,* for appellant.

The requirements of the statute must be strictly pursued and all the terms and conditions fully complied with, in order to render the sale valid, and a misstep or defect in a matter of substance cannot be cured by showing that it was accidental or caused by a mistake and not the result of fraud or bad faith. 27 Cyc. 1465.

*J. S. Carr* and *C. S. Buck,* for respondent.

NUESSLE, J. This is an action brought to recover the possession of real property.

The facts as disclosed by the record are substantially as follows: On January 17, 1920, the defendant, Forsberg, executed and delivered to the plaintiff, Brewer, a mortgage on the real property here involved securing the payment of $5,000 and interest, evidenced by four certain promissory notes for $500 each, payable respectively on the 1st day of December, 1920, 1921, 1922 and 1923, and one for $3,000 payable on the 1st of December, 1924, with interest at the rate of 7 per cent per annum. The mortgage contained an acceleration clause, providing that if default were made in the payment of said notes or any of them, or in the payment of the taxes on said premises, the mortgagee might, at his election, declare the principal notes due and payable, and proceed to collect the same with all accrued interest by foreclosure of the mortgage or otherwise. The notes falling due in 1920, 1921 and 1922 were not paid, and on June 2nd, 1923, the plaintiff served upon the defendant the following notice:—

"Notice of Intention to Foreclose Real Estate Mortgage.

"To Hugo Forsberg, Kensal, N. Dak.

The Federal Land Bank of St. Paul, Minnesota and Rogers Lumber Company, N. D.

"Notice is hereby given that the certain real estate mortgage executed and delivered by Hugo Forsberg and Ida Forsberg, his wife, as mortgagors to J. H. Brewer as mortgagee, dated the 17th day of January, 1920 for the sum of $500 due Dec. 1st, 1920, $500 due Dec. 1st, 1921, $500 due Dec. 1st, 1922, $500 due Dec. 1st, 1923 and $3,000 due Dec. 1st, 1924 each with 7 per cent interest thereon, constituting a lien upon the following described land situated in the county of Stutsman, state of North Dakota, to wit:—

The $W\frac{1}{2}$ sec. 5, the $NW\frac{1}{4}$ sec. 8 and lots 6 and 7 in sec. 7 all in Twp. 144, north of range 64 west of the 5th principal meridian, containing 494.26 acres more or less and which mortgage was recorded in the office of the Register of Deeds of Stutsman County, N. Dak., in book 90 of mortgage Deeds on page 382–3, will be foreclosed by the undersigned, as owner and holder thereof, unless within thirty days from date hereof the amounts due thereon are paid in full; and that the amounts required to be paid to redeem the defaults in said mortgage, including principal and interest due to date, is the sum of $6,182.22, together with interest to time of payment. The first three notes and interest thereon being past due the mortgagee elects to declare and does declare the whole sum due, and back taxes are $1,483.48 and grand total...$7,665.70.

"Dated this 2nd day of June, 1923.

"J. H. Brewer,

"Mortgagee

"Address, Kensal, N. Dak."

On June 27, 1923, the plaintiff caused this notice, together with proof of service as made, to be recorded in the office of the register of deeds of Stutsman county. Thereafter, at the expiration of the thirty day period, the defendant having made no payment or tender of payment on account of the mortgage debt or any part thereof, the plaintiff began foreclosure of the mortgage by advertisement. On August 16, 1923, the premises were sold at foreclosure sale pursuant to notice duly published, as required by law, and the plaintiff became the purchaser

thereof at such sale. A sheriff's certificate was issued to him which was recorded in the office of the register of deeds on August 20, 1923. No redemption was made from the sale and a sheriff's deed was issued to the plaintiff on November 26, 1924. The plaintiff bases his claim of right to possession to the real property under this deed.

On these facts, as shown by the record, the trial court ordered judgment for the plaintiff, and a judgment was entered accordingly on such order. The case is now in this court on appeal from the judgment so entered.

Chapter 131, Sess. Laws, 1919, provides:—

"Sec. 1. Any action or proceeding which shall be commenced to foreclose a mortgage on real property shall be void unless a written notice describing the land, the date and amount of the mortgage, the sum due for principal, interest and taxes, and stating that if the same be not paid within thirty days from the date of the notice, proceedings will be commenced to foreclose the mortgage, shall have been served more than thirty days prior to the commencement of such action or proceeding by registered mail addressed to the title owner of record at his or their last known post office address. An affidavit of proof of such service of notice shall be filed with the clerk of the court at the time of filing complaint in any action for foreclosure and shall be filed and recorded with the notice and certificate of sale in all other cases.

Sec. 2. All Acts and parts of Acts in so far as they are in conflict with this Act are hereby repealed."

This chapter was in force when the mortgage in question was executed. Chapter 131 was amended by chapter 66, Sess. Laws, 1921. The amended act is substantially the original act with the addition of the following:

"Provided, however, that if said owner shall, before the expiration of thirty days from the service of such notice, perform the conditions or comply with the provisions upon which the default shall have occurred, such mortgage shall be reinstated and shall remain in full force and effect the same as if no default had occurred therein. Provided, further, that if an action or proceeding to foreclose is not begun within ninety days after the date of the notice herein provided for, then all proceedings hereunder shall be deemed discontinued."

The defendant first contends that this act must be strictly construed

and complied with, and that its requirements respecting the recording of the notice of intention to foreclose, together with proof of service thereof, are mandatory; that the act contemplates that such notice of intention and proof of service shall be an integral part of the certificate of sale and be recorded together with such certificate, and by reason of the fact that the notice with proof of service was recorded on the 27th day of June, 1923, prior to the sale and the certificate was recorded on the 20th day of August, 1923, thereby the whole proceeding was rendered void. We think, however, that the defendant cannot be sustained in this contention. The purpose of the notice of intention to foreclose is to enable the mortgagor, or his successor in interest, to cure the default, if that be possible, and if not, to make payment of the amount of the mortgage debt and thus save embarrassment and expense of foreclosure. It is for the benefit of the mortgagor or those claiming through him. The notice of intention, together with proof of service is required to be recorded, so it may appear from the record that the statutory prerequisite to foreclosure has been complied with as a matter of concern to whomsoever may be interested in the regularity of the proceeding. This requirement is for the benefit of anyone who may be interested in the title to the property. The recording of the notice prior to the recording of the certificate of sale satisfied the requirement. Surely no prejudice could result to anyone on account thereof. If it were thus recorded the purpose of the statute in that behalf was subserved. Thereby all had means of notice as to the steps taken. The contention of the defendant in this regard cannot be sustained.

The defendant next contends that the notice was not a proper notice because the amount required to make good the default was not correctly stated. He concedes that the amount payable on account of the mortgage debt as stated in the notice was correct if the acceleration clause in the mortgage were put into effect, but he insists that the effect of the notice was that the amount of the taxes, though not paid by the plaintiff, mortgagee, was also required to be paid. This is an unreasonable interpretation of the notice. The notice was plain and unambiguous. It recited that the plaintiff had elected to declare the whole amount of the mortgage debt due on account of the defaults in payment of the three matured notes and interest. It stated the amount that would be due by reason of the acceleration. While the notice also re-

cited the amount of the unpaid taxes, it did not appear therefrom that these taxes had been paid by the mortgagee, or that they were required to be paid. It simply gave notice that the taxes were unpaid, and the amount of the same. The notice, though inartificial in form, was not defective in this respect.

Lastly, the defendant insists that under the 1921 amendment contained in the proviso hereinbefore quoted, the defendant might make good his default and reinstate the mortgage by payment of the notes past due at the time of the notice. In other words, that the effect of the 1921 amendment was to deprive the plaintiff of his contractual right to accelerate the payment of the whole amount of the debt. He contends that, this being the case, the defendant was entitled to reinstate his mortgage upon payment of the notes in default at the time of the notice. That the demand in the notice was therefore excessive, the notice bad, and the foreclosure pursuant thereto void. But the notes and mortgage in the instant case antedate the 1921 amendment. The right to accelerate was a valuable right. It was secured to the plaintiff by the contract of the parties. If, as defendant contends, the amendment as contained in chapter 66, Sess. Laws, 1921, does negative or restrict the ordinary legal effect of clauses of acceleration, such statute must be considered as prospective only. In other words, it must be presumed that the legislature did not intend it to apply to contracts in existence at the time of its going into effect. Otherwise, the statute would be unconstitutional as impairing the obligations of contracts. See E. J. Lander & Co. v. Deemy, 46 N. D. 273, 176 N. W. 922; First Nat. Bank v. Bovey, Shute & Jackson, 49 N. D. 450, 191 N. W. 765; State Bank v. First Nat. Bank, 49 N. D. 611, 192 N. W. 967. Therefore, so far as the right of acceleration contained in the mortgage in the instant case is concerned, chapter 131, supra, controls. This court has heretofore held that the provisions of this latter chapter do not negative the ordinary legal effect of an acceleration clause in a mortgage. See State Bank v. First Nat. Bank, supra. This holding is conclusive as against the contention here urged by the defendant.

The judgment appealed from must be affirmed. It is so ordered.

CHRISTIANSON, Ch. J., and BIRDZELL, BURKE, and JOHNSON, JJ., concur.