[File No. 6333.]

HERMAN A. NONWEILER, Appellant, v. JOSEPH RETTIN-
GER et al.,
L. R. BAIRD, Receiver for the Farmer's & Merchant's State Bank of
New England, N. D., a Corporation, Respondent.

(259 N. W. 500.)

Opinion filed March 13, 1935.

*Harvey J. Miller,* for appellant.
*G. R. Brainard,* for respondent.

CHRISTIANSON, J.   Plaintiff brought this action to foreclose a mort-
gage on real property in Hettinger county, North Dakota.   The trial

court dismissed the action on the ground that the plaintiff had failed to comply with the provisions of chapter 131, Laws 1919 (8099A, 1925 Supplement). This section, as originally enacted, reads as follows:

"Any action or proceeding which shall be commenced to foreclose a mortgage on real property shall be void unless a written notice describing the land, the date and amount of the mortgage, the sum due for principal, interest and taxes, and stating that if the same be not paid within thirty days from the date of notice, proceedings will be commenced to foreclose the mortgage, shall have been served more than thirty days prior to the commencement of such action or proceedings by registered mail addressed to the title owner of record at his or their last known post office address. *An affidavit of proof of such service of notice shall be filed with the clerk of the court at the time of filing complaint in any action for foreclosure and shall be* filed and *recorded with the notice and certificate of sale in all other cases.*"

Certain changes were made in this statute by subsequent amendments but the parts which we have italicized have remained unchanged. The phraseology of the first sentence of the section has been changed so that the provision that "any action or proceeding which shall be commenced to foreclose a mortgage on real property shall be void unless a written notice . . . shall have been served more than thirty days prior to the commencement of such action or proceeding," now reads "before any action or proceeding shall be commenced to foreclose a mortgage on real property, a written notice . . . shall be served more than thirty days prior to the commencement of such action or proceedings. . . ."

This case involves only the statutory provision which we have italicized. The sole ground of non-compliance asserted by the defendants is that the affidavit of proof of service of the notice was not filed with the clerk of the district court at the time the complaint in the action was filed. There is no claim that the required notice was not served in the manner provided by the statute. The undisputed evidence shows that a sufficient notice was duly served.

The action was commenced February 13, 1934. Upon the trial the plaintiff, as a part of his proof, submitted the affidavit of proof of service of the notice referred to in the statute. Such proof shows that the notice was duly mailed on December 29, 1933.

Did the failure to file affidavit of proof of service of the notice with the complaint require or justify a dismissal of the action? We think not. The obvious purpose of the statute is to assure that the owner of land on which a mortgage is about to be foreclosed shall be informed of the proposed foreclosure and afforded an opportunity to pay the amount due, and thus avoid the costs, expense, and annoyance of foreclosure. The giving of the notice is the great essential. The requirement that the affidavit of mailing be filed with the complaint is merely to insure that foreclosure will not be ordered unless the title owner has been given the notice the statute prescribes. It will be noted the statute does not require affidavit of proof of service to be filed before the action is commenced. It requires it to be filed at the time of filing the complaint. Under our laws an action may be commenced without the filing of the complaint. Frequently an action is not only commenced but issue is joined before the complaint or any papers are filed. That was true in this case. The answer in this case was interposed in March, 1934. The case came on for trial in October, 1934, and, according to the record, the pleadings were not actually filed with the clerk of the district court until in December, 1934. The affidavit of proof of service was offered and became a part of the files of the action at the time of trial, so as a matter of fact affidavit of proof of service of the notice was actually filed with the clerk of the district court at or prior to the time the complaint in the action was filed.

We are all agreed that the filing of affidavit of proof of 'service of the notice is not a condition precedent to the commencement of the action and that failure to file such affidavit at the time of filing the complaint does not operate to divest the court of jurisdiction, or justify a dismissal of the action. It is the service of the notice and not the proof of service which the statute makes a condition precedent to foreclosure.

The statute as originally enacted specifically provided that the failure to serve the written notice should avoid the action, but it did not provide that any such consequences should result from a failure to file affidavit of proof of service of the notice.

It is true the court should not render judgment in an action to foreclose a mortgage on real property unless and until affidavit of proof of service is furnished and filed, but failure to file such affidavit with

the complaint does not of itself justify dismissal of the action. Where due and timely notice has been given the action is not voided by failure to file affidavit of proof of service at the time the complaint is filed and if it appears that notice was actually given in the manner and within the time prescribed by the statute and the affidavit of proof of service is filed upon the trial and before the rendition of judgment the purpose of the statute has been fulfilled, and the action should not be dismissed but should proceed to judgment. It follows therefore that the judgment appealed from must be and it is reversed and the cause is remanded for further proceedings conformable to law.

BURKE, Ch. J., NUESSLE, BURR and MORRIS, JJ., concur.