**NORTHWESTERN NATIONAL LIFE INSURANCE COMPANY, Plaintiff and Appellee,**

v.

**Raymond D. DELZER, a/k/a Raymond Delzer and Betty Jean Delzer, Defendants and Appellants,**

**United Bank of Bismarck, f/k/a State Bank of Burleigh County Trust Company, a corporation, and the United States of America, acting through the Farmers Home Administration, Defendants.**

**Civ. No. 870307.**

Supreme Court of North Dakota.

June 28, 1988.

Zuger, Kirmis, Bolinske & Smith, Bismarck, for plaintiff and appellee; argued by Rebecca Thiem Benson.

Ray H. Walton (argued), Bismarck, for defendants and appellants.

LEVINE, Justice.

This appeal presents questions whether an error in the notice before foreclosure and the failure to file the notice with the complaint deprived the court granting foreclosure of subject matter jurisdiction. We hold they do not and affirm.

The Delzers defaulted on a note to Northwestern which was secured by a mortgage on their ranch. Northwestern

served the Delzers with a notice before foreclosure which contained an erroneous description of the mortgaged land. As a result, land not owned by the Delzers was included in the notice and some mortgaged land was excluded from the notice. The notice did, however, list the proper total number of acres subject to the mortgage and described the mortgage by date of execution, recording date, and document number.

Northwestern subsequently commenced its foreclosure action by service of a summons and complaint upon the Delzers. The complaint contained an accurate description of the mortgaged land. The Delzers did not answer the complaint and default judgment was entered on April 25, 1985. Northwestern purchased the land at the sheriff's sale held on June 18, 1985, and a sheriff's deed was issued to Northwestern after expiration of the one-year redemption period on June 18, 1986.

On August 19, 1987, the Delzers brought a motion pursuant to Rule 60(b)(iv), N.D. Civ.P., to vacate the judgment and sheriff's sale, asserting that the inaccuracy of the notice before foreclosure and the failure to file the notice with the complaint were jurisdictional defects which rendered the judgment void.[1] The district court denied the motion.

The Delzers appeal, asserting that strict compliance with the notice before foreclosure provisions of Chapter 32–19, N.D. C.C., is a jurisdictional prerequisite to a foreclosure action, and that Northwestern's failure to literally comply with those provisions deprived the district court of subject matter jurisdiction over the foreclosure action.[2] They contend that the foreclosure judgment was therefore void.

The relevant statutory provisions are Sections 32–19–20, 32–19–21, and 32–19–27, N.D.C.C.:

*"32–19–20. Notice before foreclosure.—* At least thirty days and not more than ninety days before the commencement of any action or proceeding for the foreclosure of a mortgage on real estate, a written notice shall be served on the title owner of record of the real estate described in the mortgage as shown by the records of the office of the register of deeds of the county in which such real estate is situated."

*"32–19–21. Contents of notice.—* The notice before foreclosure shall contain:

"1. A description of the real estate.

"2. The date and amount of the mortgage.

"3. The amount due for principal, interest, and taxes paid by the owner of the mortgage, stated separately.

"4. A statement that if the amount due is not paid within thirty days from the date of the mailing or service of the notice proceedings will be commenced to foreclose the mortgage."

*"32–19–27. Proofs relative to notice —How made and filed.—* Proof of service of notice before foreclosure may be made by the return of a sheriff or other officer, or by affidavit of the person making personal service or mailing such notice.... Such proofs together with the notice shall be filed with the complaint in any action for the foreclosure of a mortgage and shall be recorded with the notice and certificate of sale in foreclosures by advertisement."

These statutory provisions require that the notice before foreclosure be served on the title owner of record, detail what must be contained in the notice, and require that proof of service and the notice itself be filed with the complaint in the foreclosure action. The statutory provisions do not, however, provide on their face that strict compliance is a jurisdictional prerequisite. Therefore, we must look to legislative history to determine whether the Legislature

---

1. Rule 60(b)(iv), N.D.R.Civ.P., states:
   "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: ... (iv) the judgment is void."

2. The Delzers did not base their motion or this appeal on any other grounds available under Rule 60(b), N.D.R.Civ.P. They concede that to prevail on appeal they must establish that the judgment is void because the district court lacked subject matter jurisdiction.

intended that failure to strictly comply with these provisions would render subsequent foreclosure proceedings jurisdictionally defective.

As originally enacted by the Legislature in 1919, the notice before foreclosure provisions expressly provided that failure to comply rendered any action or proceeding void:

"Sec. 1. Any action or proceeding which shall be commenced to foreclose a mortgage on real property *shall be void unless* a written notice describing the land, the date and amount of the mortgage, the sum due for principal, interest and taxes, and stating that if the same be not paid within thirty days from the date of the notice, proceedings will be commenced to foreclose the mortgage, shall have been served more than thirty days prior to the commencement of such action or proceeding by registered mail addressed to the title owner of record at his or their last known post office address. An affidavit of proof of such service of notice shall be filed with the clerk of the court at the time of filing complaint in any action for foreclosure and shall be filed and recorded with the notice and certificate of sale in all other cases." 1919 N.D.Sess.Laws Ch. 131, § 1 (Emphasis supplied).

Two years later the Legislature amended the statute, deleting the provision that voided any subsequent proceedings if the notice requirements were not complied with:

"§ 1. AMENDMENT.] That Chapter 131 of the Laws of North Dakota for the year 1919 is hereby amended and re-enacted to read as follows:

"§ 1. Before any action or proceeding shall be commenced to foreclose a mortgage on real property, a written notice describing the land, the date and amount of the mortgage, the sum due for principal, interest and taxes respectively, and stating that if the same be not paid within thirty days from the date of the notice, proceedings will be commenced to foreclose the mortgage, shall be served more than thirty days prior to the commence-ment of such action or proceedings by registered mail addressed to the title owner according to the records in the Register of Deeds office at his or their post office address as shown by the records in the Register of Deeds office and if not shown, then addressed to said owner at the post office nearest the land. An affidavit of proof of such service of notice shall be filed with the Clerk of the Court at the time of filing complaint in any action for foreclosure and shall be filed and recorded with the notice and certificate of sale in all other cases." 1921 N.D.Sess.Laws Ch. 66, § 1.

The current relevant statute provides that "[a]t least thirty days ... before the commencement of any action or proceeding for the foreclosure of a mortgage on real estate, a written notice shall be served on the title owner of record...." Section 32–19–20, N.D.C.C. Since 1921, through various amendments, the Legislature has not seen fit to reinsert the "shall be void" language originally included in the 1919 enactment. We believe the deletion of this language evidences a clear legislative intent that failure to strictly comply with the notice provisions does not automatically void all subsequent proceedings as a matter of law.

We have previously indicated, in *First National Bank of Crosby v. Bjorgen*, 389 N.W.2d 789, 794 (N.D.1986), that a creditor's alleged failure to comply with the anti-deficiency judgment statutes did not limit the district court's subject matter jurisdiction:

"We do not believe this statute [§ 32–19–07, N.D.C.C.] was intended to put a limitation on the subject matter jurisdiction of the district courts. Instead, the purpose of this statute is to prevent creditors from obtaining deficiency judgments against mortgagors except under statutorily prescribed limitations, and it is the function of the district court to enforce this statute when applicable.

"Without deciding whether or not the Bank proceeded in a manner which is permitted by this statute, whether or not a district court properly applies this stat-

ute to a particular cause of action does not determine whether or not the district court had subject matter jurisdiction. *Lang v. Basin Elec. Power Co-op.*, 274 N.W.2d 253, 257 (N.D.1979); *Olson v. Cass County*, 253 N.W.2d 179, 183 (N.D. 1977). To hold otherwise would be to vest subject matter jurisdiction in a district court subject to divestment upon an erroneous ruling by the court. Without deciding the correctness of Bjorgen's contention concerning the application of 32–19–07, N.D.C.C., we conclude that the district court was not without subject matter jurisdiction and, thus, that the court's decision was not void. Accordingly, the district court did not err in failing to vacate the partial summary judgment under Rule 60(b)(iv), N.D.R. Civ.P."

We note that the statute involved in *Bjorgen*, Section 32–19–07, N.D.C.C., contained language which could more strongly suggest an intent to limit the court's jurisdiction than that found in the instant case:

"Except as otherwise provided ... neither before nor after the rendition of a judgment for the foreclosure of a real estate mortgage ... shall the mortgagee ... be authorized or permitted to bring any action in any court in this state for the recovery of any part of the debt secured by the mortgage...."

The statute in this case provides only that the notice "shall be served" before the commencement of any action to foreclose the mortgage. Section 32–19–20, N.D.C.C. Our refusal to limit the district court's subject matter jurisdiction under the statute at issue in *Bjorgen* suggests a similar result in our interpretation of Section 32–19–20, N.D.C.C.

We hold that strict compliance with the notice before foreclosure provisions is not a jurisdictional prerequisite to the district court's exercise of subject matter jurisdiction over the foreclosure action, and therefore the inaccurate description of the property and the failure to file the notice with the complaint in this case do not render the judgment void as a matter of law. The district court therefore did not err in denying the Delzers' motion to vacate the judgment under Rule 60(b)(iv), N.D.R.Civ.P.

Our holding should not, however, be taken as an indication that we will tolerate diminished compliance with statutorily required foreclosure procedures. As we recently stated in *Federal Land Bank of St. Paul v. Waltz*, 423 N.W.2d 799, 802 (N.D. 1988), "we are convinced that the Legislature intended to require strict compliance with statutory provisions concerning foreclosure of a mortgage." In *Waltz*, we held that the failure to include statutorily required language in the notice before foreclosure was "fatally defective" when the defect was raised in the defendant's answer. In the instant case we are not presented with a defect in the notice which is brought to the creditor's attention during the pendency of the foreclosure action. Rather, the Delzers did not answer the complaint and allowed entry of a default judgment. The defect in the notice before foreclosure was not raised as an issue until the motion to vacate the judgment, nearly two-and-one-half years after the entry of judgment. Although *Waltz* indicates that strict compliance is necessary, we conclude that a defect in the notice before foreclosure and the failure to file the notice with the complaint present defenses which must be raised by the debtor. These failures to comply do not rise to the level of jurisdictional defects which will render the judgment void as a matter of law.

The judgment of the district court is affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.