**STATE BANK OF KENMARE, a North Dakota Corporation, Plaintiff and Appellee,**

v.

**Layne A. LINDBERG and Barbara Jean Lindberg, Defendants and Appellants.**

**Civ No. 880238.**

Supreme Court of North Dakota.

Feb. 10, 1989.

Glenn Dill, III (argued), Kenmare, for plaintiff and appellee.

Barbara Jean Lindberg, Rapid City, pro se. Layne A. Lindberg no appearance.

ERICKSTAD, Chief Justice.

In *State Bank of Kenmare v. Lindberg*, 434 N.W.2d 347 (N.D.1989), we remanded to the district court for a Rule 54(b), N.D.R.Civ.P. certification that no just reason existed for delaying entry of final judgment in favor of the State Bank of Kenmare [Bank] on its mortgage foreclosure action against Layne A. and Barbara Jean Lindberg. The district court has entered a Rule 54(b) certification, and we now reverse the foreclosure judgment.

On April 30, 1985, the Bank loaned the Lindbergs $204,448.73. In consideration for the loan, the Lindbergs executed a promissory note, requiring them to make monthly payments of $4,000 to the Bank, and a mortgage on real property in Burke County. The mortgage contained an acceleration clause.

The Lindbergs failed to make any payments on the promissory note after March

1986, and the Bank served them with a notice before foreclosure, dated October 1, 1986, which stated that the entire debt was accelerated:

"Default has occurred in the terms and conditions of this mortgage and the note secured thereby insofar as the amounts due on April 30, 1986, May 30, 1986, June 30, 1986, July 30, 1986, August 30, 1986, and September 30, 1986, are unpaid, for a total default of $24,000.00. As a result of the default, the full amount secured by the mortgage under the power contained in it is hereby declared due and payable.

\* \* \* \* \* \*

"YOU ARE FURTHER NOTIFIED that unless before the expiration of thirty (30) days from the mailing or service of this notice you shall pay the entire indebtedness secured by the mortgage in the amount of $212,618.88, including accrued interest from the date hereof at the rate of $78.508 per day, proceedings will be commenced to foreclose said mortgage."

After the expiration of thirty days from service of the notice before foreclosure, the Bank commenced this mortgage foreclosure action against the Lindbergs. The Lindbergs answered and counterclaimed, alleging tortious interference with contract, misrepresentation and fraud by the Bank. The Bank moved for summary judgment on its foreclosure action and submitted an affidavit of an executive officer, James Jorgenson, which stated that as of February 15, 1987, the Lindbergs had failed to make nine monthly payments of $4,000 each.

The district court granted summary judgment in favor of the Bank. The Lindbergs then requested the court to reopen,

reconsider, and dismiss the Bank's foreclosure action, alleging in part that the Bank's notice before foreclosure had improperly accelerated the entire debt in violation of Sections 32–19–20, 32–19–21, and 32–19–28, N.D.C.C. The district court denied the Lindbergs' request, and they have appealed.

The Lindbergs assert that pursuant to Sections 32–19–20, 32–19–21, and 32–19–28, N.D.C.C., a debtor has thirty days after being served with a notice before foreclosure to cure the amount actually in arrearage and that a creditor may not accelerate the entire debt until after the thirty days have expired. Relying on *Federal Land Bank of St. Paul v. Waltz*, 423 N.W. 2d 799 (N.D.1988), the Lindbergs argue that the Bank's notice before foreclosure was fatally defective because it said that the Lindbergs' entire debt ($212,618.88) was accelerated without giving them the thirty days required by Section 32–19–28, N.D.C.C., to cure the amount actually in arrearage. They argue that that defect voids the Bank's foreclosure action.

Relying on *Brewer v. Forsberg*, 53 N.D. 262, 205 N.W. 686 (1925) and *State Bank of Reynolds v. First Nat'l Bank of Reynolds et al.*, 49 N.D. 611, 192 N.W. 967 (1923), the Bank responds that it properly accelerated the entire debt in the notice before foreclosure.

The Bank's reliance on *Brewer* and *Reynolds* is misplaced. In those cases this court held that, pursuant to 1919 N.D.Sess. Laws, Ch. 131, § 1,[1] if a creditor declared a debtor's entire debt due in accordance with an acceleration clause in a mortgage, the debtor's tender of only the amount in arrearage within thirty days after being served with the notice before foreclosure

---

**1.** 1919 N.D.Sess.Laws, Ch. 131, § 1, was the predecessor of Sections 32–19–20, 32–19–21, 32–19–28, N.D.C.C., and provided:

"Sec. 1. Any action or proceeding which shall be commenced to foreclose a mortgage on real property shall be void unless a written notice describing the land, the date and amount of the mortgage, the sum due for principal, interest and taxes, and stating that if the same be not paid within thirty days from the date of the notice, proceedings will

be commenced to foreclose the mortgage, shall have been served more than thirty days prior to the commencement of such action or proceeding by registered mail addressed to the title owner of record at his or their last known post office address. An affidavit of proof of such service of notice shall be filed with the clerk of the court at the time of filing complaint in any action for foreclosure and shall be filed and recorded with the notice and certificate of sale in all other cases."

did not cure the default or reinstate the mortgage. However, in 1921 N.D.Sess. Laws, Ch. 66, § 1,[2] the Legislature enacted language similar to Section 32–19–28, N.D. C.C., and because that statutory language was not involved in *Brewer* or *Reynolds*, those cases are not controlling. Instead, we must analyze the statutory language applicable to this case.

Section 32–19–20, N.D.C.C.,[3] requires service of a notice before foreclosure on the title owner of record at least thirty days before the commencement of a real estate mortgage foreclosure action. Sec-

2. 1921 N.D.Sess.Laws, Ch. 66, § 1, provided:
   "§ 1. Before any action or proceeding shall be commenced to foreclose a mortgage on real property, a written notice describing the land, the date and amount of the mortgage, the sum due for principal, interest and taxes respectively, and stating that if the same be not paid within thirty days from the date of the notice, proceedings will be commenced to foreclose the mortgage, shall be served more than thirty days prior to the commencement of such action or proceedings by registered mail addressed to the title owner according to the records in the Register of Deeds office at his or their post office address as shown by the records in the Register of Deeds office and if not shown, then addressed to said owner at the post office nearest the land. An affidavit of proof of such service of notice shall be filed with the Clerk of the Court at the time of filing complaint in any action for foreclosure and shall be filed and recorded with the notice and certificate of sale in all other cases. *Provided, however, that if said owner shall, before the expiration of thirty days from the service of such notice, perform the conditions or comply with the provisions upon which the default shall have occurred, such mortgage shall be reinstated and shall remain in full force and effect the same as if no default had occurred therein.*
   "Provided, further, that if an action or proceeding to foreclose is not begun within ninety days after the date of the notice herein provided for, then all proceedings hereunder shall be deemed to be discontinued." [Emphasis added.]

3. Section 32–19–20, N.D.C.C., provides:
   "*32–19–20. Notice before foreclosure.*—At least thirty days and not more than ninety days before the commencement of any action or proceeding for the foreclosure of a mortgage on real estate, a written notice shall be served on the title owner of record of the real estate described in the mortgage as shown by the records in the office of the register of deeds of the county in which such real estate is situated."

tion 32–19–21, N.D.C.C., specifies the contents of the notice before foreclosure.[4]

Section 32–19–28, N.D.C.C., permits a default to be cured:

   "*32–19–28. Default may be cured.*— If the title owner of record or the administrator or executor of his estate, within thirty days from the service of notice before foreclosure, shall perform the conditions or comply with the provisions upon which default in the mortgage shall have occurred, such mortgage shall be reinstated and shall remain in full force and effect the same as though no default had occurred therein."

4. Section 32–19–21, N.D.C.C., provides:
   "*32–19–21. Contents of Notice.*—The notice before foreclosure shall contain:
   "1. A description of the real estate.
   "2. The date and amount of the mortgage.
   "3. The amount due for principal, interest, and taxes paid by the owner of the mortgage, stated separately.
   "4. A statement that if the amount due is not paid within thirty days from the date of the mailing or service of the notice proceedings will be commenced to foreclose the mortgage."
   We note that 1987 N.D.Sess.Laws, Ch. 194, § 3, effective April 2, 1987 through June 30, 1989, requires the notice before foreclosure to state that if a creditor is seeking foreclosure on agricultural property, the debtor has the right to redeem separate known lots or parcels of property, including a known lot or parcel containing the farmer's home, separately from the remaining property. *See Federal Land Bank of St. Paul v. Waltz,* 423 N.W.2d 799 (N.D.1988).
   We also note that 1987 N.D.Sess.Laws, Ch. 196, § 1, effective July 5, 1987 through June 30, 1991, provides:

   "*In all proceedings* by an executing creditor, vendor, or successor in interest *to foreclose any mortgage upon* or cancel any contract for the future conveyance of *agricultural property* as defined in subsection 1 of section 57–02–01, including proceedings pursuant to chapters 15–03, 15–08, 32–18, 32–19, 32–19.1, and 35–22, *the notice required in sections 32–19–20, 35–22–03, 15–08–12, and 32–18–01, must contain a statement containing a list of appropriate state assistance programs compiled by the commissioner of agriculture advising the debtor as to the existence of state administered or sponsored programs in this state directed at providing assistance to financially distressed farmers.* This section does not apply to a creditor, vendor, or successor in interest who is an individual or a farm corporation authorized under chapter 10–06." [Emphasis added.]

In construing these statutory provisions, the Legislature's intent initially must be sought from the statutory language. *County of Stutsman v. State Historical Society of North Dakota*, 371 N.W.2d 321 (N.D.1985). Whenever possible statutes must be read as a whole to give meaning and effect to every provision. *Id.* We are also guided by the principle that the Legislature intended that there be strict compliance with the statutory provisions concerning foreclosure of a mortgage, including the provisions for notice before foreclosure. *Federal Land Bank of St. Paul v. Waltz*, 423 N.W.2d 799 (N.D.1988).

Subsections 32–19–21(3) and (4), N.D.C.C., require the notice before foreclosure to separately state the "amount due for principal, interest, and taxes" and that "if the amount due is not paid within thirty days ... proceedings will be commenced to foreclose the mortgage." That language must be harmonized with the language of Section 32–19–28, N.D.C.C., giving the record title owner thirty days from the service of notice before foreclosure to "perform the conditions or comply with the provisions upon which default in the mortgage shall have occurred," and thereafter the "mortgage shall be reinstated and shall remain in full force and effect the same as though no default had occurred."

If a creditor could accelerate the entire debt in the notice before foreclosure and make payment of that accelerated amount a condition for reinstatement of the mortgage, the provisions for reinstatement of the mortgage in Section 32–19–28, N.D.C.C., would be surplusage because the mortgage would have been satisfied upon payment of the entire accelerated debt. That result is contrary to our rule of statutory construction that, whenever possible,

we give meaning and effect to every provision of a statute.

■ In order to give meaning to all the provisions for notice before foreclosure, we believe the language of Sections 32–19–21 and 32–19–28, N.D.C.C., when read together, authorizes reinstatement of the mortgage by paying the amount actually in arrearage (i.e. the "amount due" under Section 32–19–21, N.D.C.C.) within thirty days after service of the notice before foreclosure. If the title owner pays the amount actually in arrearage, he will have performed the conditions or complied with the provisions upon which default in the mortgage shall have occurred within the meaning of Section 32–19–28, N.D.C.C., and the mortgage shall be reinstated. That interpretation ensures strict compliance with the provisions for foreclosure of a mortgage and recognizes that the purpose of a notice before foreclosure is to afford the record title owner an opportunity to be informed of the proposed foreclosure so that he can pay the amount due and avoid the cost, expense, and annoyance of foreclosure. *Nonweiler v. Rettinger*, 65 N.D. 436, 259 N.W. 500 (1935).

That interpretation is also supported by our decision in *Johnson v. Gray*, 265 N.W.2d 861 (N.D.1978), involving a notice of cancellation of a contract for deed and an acceleration clause. In that case we interpreted language in Section 32–18–04, N.D.C.C.,[5] similar to the relevant provisions of Section 32–19–28, N.D.C.C., and we held that a seller could not accelerate payments under the terms of a contract for deed and then cause a forfeiture upon the buyer's failure to pay the accelerated amount. We concluded that Section 32–18–04, N.D.C.C., clearly entitled the buyer to reinstate the contract within the statutory time period by performing only those conditions which

5. Section 32–18–04, N.D.C.C., provides, in part: "The vendee or purchaser, or his assigns, shall have the following periods of time *after the service of notice of cancellation upon him in which to perform the conditions or comply with the provisions upon which the default shall have occurred:* "1. If the amount claimed due under such instrument at the date of notice is more than sixty-six and two-thirds percent of the original

indebtedness, the time allowed to correct the default shall be six months. "2. In any other case, the time for correction shall be one year. "*Upon such performance and upon making such payments,* together with the cost of service of such notice, *such contract or other instrument shall be reinstated and shall remain in full force and effect as if no default had occurred therein.*" [Emphasis added.]

gave the seller grounds to institute the statutory cancellation procedure and that payment of the entire accelerated balance was not one of those conditions.

Although *Johnson* involved the applicability of an acceleration clause to the statutory procedure for cancellation of a land contract, the relevant statutory language is similar to Section 32–19–28, N.D.C.C., and the rationale of *Johnson* provides persuasive authority for our interpretation of the provisions for notice before foreclosure of a mortgage.

We hold that pursuant to Sections 32–19–20, 32–19–21, and 32–19–28, N.D.C.C., a creditor may not accelerate the entire mortgage debt until the expiration of thirty days after service of the notice before foreclosure. During that thirty days the mortgage may be reinstated by payment of the amount actually in arrearage.

■ In this case the Bank's notice before foreclosure was defective because it required the Lindbergs to pay the entire accelerated debt in order to cure the default and avoid a foreclosure action. In *Federal Land Bank of St. Paul v. Waltz, supra,*

we held that a notice before foreclosure was fatally defective if it failed to include information about the debtor's right to separate redemption of known lots or parcels, and we reversed a mortgage foreclosure judgment. In this case the defect in the notice before foreclosure was raised during the pendency of this foreclosure action and impaired a right of a similar magnitude. *Compare Northwestern Nat'l Life Ins. Co. v. Delzer,* 425 N.W.2d 365 (N.D.1988). We therefore hold that the Bank's notice before foreclosure was fatally defective to the subsequent mortgage foreclosure action.[6]

Accordingly, we reverse the foreclosure judgment.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

**6.** Because of our resolution of this issue, we do not decide whether an inaccurate property de-

scription in the complaint is fatally defective to the mortgage foreclosure action.