# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 129

| | |
|---|---|
| Heartland State Bank, | Plaintiff and Appellee |
| v. | |
| Jared A. Larson, | Defendant and Appellant |
| and | |
| U.S. Express, Inc., Dale Redinger, and State of North Dakota acting by and through the Department of Human Services' Child Support Division, and all other parties in possession, | Defendants |

No. 20180241

Appeal from the District Court of LaMoure County, Southeast Judicial District, the Honorable Daniel D. Narum, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Kasey D. McNary, Fargo, ND, for plaintiff and appellee.

James F. Lester, Fargo, ND, for defendant and appellant.

**VandeWalle, Chief Justice.**

[¶1]    Jared Larson appealed a district court judgment foreclosing a mortgage in favor of Heartland State Bank.  Larson argues the judgment should be reversed because Heartland's notice before foreclosure was legally insufficient.  We affirm.

I

[¶2]    In July 2015, Larson granted a mortgage to Heartland for property in LaMoure County.  The mortgage secured three promissory notes: 1) note 77392, executed in May 2014 for the principal amount of $200,000; 2) note 77444, executed in June 2014 for the principal amount of $70,000; and 3) note 77886, executed in July 2015 for the principal amount of $575,393.70.  In March 2017, Heartland sued Larson seeking foreclosure of the mortgage, alleging he defaulted under the mortgage by failing to make payments on the notes.

[¶3]    Before suing Larson, Heartland served him with a notice before foreclosure under N.D.C.C. §§ 32-19-20 and 32-19-21.  The notice stated he had thirty days to reinstate the mortgage by paying the following: 1) $212,845.39 on note 77392; 2) $25,949.28 on note 77444; and 3) $96,083.20 on note 77886, for a total of $334,877.87.  Larson did not pay or offer to pay that amount within thirty days.

[¶4]    In September 2017, Heartland moved to amend its complaint after its attorney learned of a July 2016 default judgment in Stutsman County against Larson relating to the notes.  A judgment of $782,273.17 was entered against Larson for failing to pay the amounts due under the notes.  Heartland alleged in its motion to amend that in addition to not making payments on the notes, Larson defaulted under the mortgage by failing to satisfy the judgment.  Larson objected, arguing the amended complaint would be futile because the amendment would make the notice before foreclosure

legally insufficient. The district court granted Heartland's motion to amend its complaint.

[¶5] Heartland moved for summary judgment, arguing it was appropriate because Larson failed to satisfy the Stutsman County judgment. In response, Larson claimed that Heartland's amended complaint rendered the notice before foreclosure defective and fatal to Heartland's case. Larson argued Heartland failed to strictly comply with the notice before foreclosure requirements because the amount that Heartland alleged was due on the notes in the notice differed from the amount due under the default judgment. The district court granted Heartland's motion, concluding the notice before foreclosure was legally sufficient:

> The Notice Before Foreclosure served by Heartland State Bank did comply with the requirements of N.D.C.C. Ch. 32-19 under the circumstances. At the time Heartland State Bank served the Notice Before Foreclosure upon Larson there were no installments of principal and interest due and owing by Larson because the debt obligations had already been reduced to a judgment entered in Stutsman County District Court, Case No. 47-2016-cv-00361, in the amount of $782,273.17, plus interest at the daily rate of $126.23 from and after July 13, 2016 to the date of the entry of the Judgment.

The court entered judgment foreclosing Heartland's mortgage.

II

[¶6] Under N.D.R.Civ.P. 15(a), after a responsive pleading has been served, a complaint may only be amended by leave of court or by written consent of the opposing party. *Johnson v. Hovland*, 2011 ND 64, ¶ 8, 795 N.W.2d 294. "A district court has wide discretion in deciding whether to permit amended pleadings after the time for an amendment has passed." *Id.* A court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Cody v. Cody*, 2019 ND 14, ¶ 7, 921 N.W.2d 679.

[¶7] Our standard of review for summary judgments is well established:

Summary judgment is a procedural device under N.D.R.Civ.P. 56(c) for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. The party seeking summary judgment must demonstrate there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law. In deciding whether the district court appropriately granted summary judgment, we view the evidence in the light most favorable to the opposing party, giving that party the benefit of all favorable inferences which can reasonably be drawn from the record. A party opposing a motion for summary judgment cannot simply rely on the pleadings or on unsupported conclusory allegations. Rather, a party opposing a summary judgment motion must present competent admissible evidence by affidavit or other comparable means that raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record raising an issue of material fact. When reasonable persons can reach only one conclusion from the evidence, a question of fact may become a matter of law for the court to decide. A district court's decision on summary judgment is a question of law that we review de novo on the record.

*Dahms v. Nodak Mutual Ins. Co.*, 2018 ND 263, ¶ 6, 920 N.W.2d 293 (quoting *Pettinger v. Carroll*, 2018 ND 140, ¶ 7, 912 N.W.2d 305).

III

[¶8] Larson argues the district court erred in allowing the amendment of Heartland's complaint and in granting Heartland summary judgment because Heartland's notice before foreclosure was defective and fatal to Heartland's case. Larson claims the notice before foreclosure was defective because the amount due as stated in the notice differed from the amount due under the Stutsman County judgment.

[¶9] Section 32-19-20, N.D.C.C., requires service of a written notice before foreclosure on the record title owner at least thirty days and not more than ninety days before commencing a real estate mortgage foreclosure action. The notice before foreclosure must include:

The notice before foreclosure shall contain:
1. A description of the real estate.
2. The date and amount of the mortgage.
3. The amount due to bring the installments of principal and interest current as of a date specified, and the amount advanced by the mortgagee for taxes, insurance, and maintenance, separately itemized.
4. A statement that if the amount due is not paid within thirty days from the date of the mailing or service of the notice proceedings will be commenced to foreclose the mortgage.

N.D.C.C. § 32-19-21. Under N.D.C.C. § 32-19-28, a record title owner has thirty days from the service of the notice before foreclosure to cure the default. If the owner "performs the conditions or complies with the provisions upon which default in the mortgage occurred, the mortgage must be reinstated and remain in full force and effect the same as though a default had not occurred in the mortgage." *Id.*

[¶10] "[T]he purpose of a notice before foreclosure is to afford the record title owner an opportunity to be informed of the proposed foreclosure so that he can pay the amount due and avoid the cost, expense, and annoyance of foreclosure." *State Bank of Kenmare v. Lindberg*, 436 N.W.2d 12, 15 (N.D. 1989). "[T]he Legislature intended that there be strict compliance with the statutory provisions concerning foreclosure of a mortgage, including the provisions for notice before foreclosure." *Id.* (citing *Federal Land Bank of St. Paul v. Waltz*, 423 N.W.2d 799, 802 (N.D. 1988)).

[¶11] Under N.D.C.C. § 32-19-21(3), the amount due to bring the installments of principal and interest current must be included in a notice before foreclosure. The district court concluded Heartland's notice complied with N.D.C.C. § 32-19-21. The court stated that at the time Heartland served its notice on Larson, there were no installments of principal and interest due because the amounts due under the notes had been reduced to a judgment. Although there were no principal and interest payments due on the notes, Heartland's notice did not include the correct amount due on the notes and the judgment at the time Heartland served Larson the notice. To comply with N.D.C.C. § 32-19-21(3), Heartland should have included the amount due to

4

satisfy the judgment, plus any interest owed. Here, the notice showed an amount less than what was owed to satisfy the judgment.

[¶12] We have addressed arguments relating to strict compliance with the notice before foreclosure requirements. *See First Western Bank & Trust v. Wickman*, 527 N.W.2d 278 (N.D. 1995); *State Bank of Kenmare v. Lindberg*, 436 N.W.2d 12 (N.D. 1989); *Northwestern Nat. Life Ins. Co. v. Delzer*, 425 N.W.2d 365 (N.D. 1988); *Federal Land Bank of St. Paul v. Waltz*, 423 N.W.2d 799 (N.D. 1988). In *Waltz*, at 801-02, we held the notice was defective because it did not include information about the debtor's right to separate known lots or parcels.[1]

[¶13] In *Lindberg*, 436 N.W.2d at 13, the notice before foreclosure stated the debtors' entire debt was accelerated and due instead of the amount actually in arrearage. We held "that pursuant to Sections 32-19-20, 32-19-21, and 32-19-28, N.D.C.C., a creditor may not accelerate the entire mortgage debt until the expiration of thirty days after service of the notice before foreclosure. During that thirty days the mortgage may be reinstated by payment of the amount actually in arrearage." *Lindberg*, at 16. We concluded the notice was defective because it required the debtors to pay the entire accelerated debt to cure the default. *Id.* We also discussed the defective notice in *Waltz*:

> In *Federal Land Bank of St. Paul v. Waltz, supra*, we held that a notice before foreclosure was fatally defective if it failed to include information about the debtor's right to separate redemption of known lots or parcels, and we reversed a mortgage foreclosure judgment. In this case the defect in the notice before foreclosure was raised during the pendency of this foreclosure action and impaired a right of a similar magnitude.

*Lindberg*, at 16.

[¶14] In *Wickman*, 527 N.W.2d 278, and *Delzer*, 425 N.W.2d 365, the debtors attempted to raise issues relating to the notice before foreclosure after entry of

---

[1] This information was required by S.B. 2469, enacted in 1987 and expired in 1989. 1987 N.D. Sess. Laws ch. 194.

judgment. In *Delzer*, at 366, the debtor alleged the notice contained an erroneous description of the mortgaged land and was not filed with the complaint. We noted that the debtor failed to raise the issue "during the pendency of the foreclosure action." *Id.* at 368. We held "that a defect in the notice before foreclosure and the failure to file the notice with the complaint present defenses which must be raised by the debtor" during the pendency of the action. *Id.; see also Wickman*, at 281, n. 1 ("As this Court held in *Delzer*, [a] defect in the notice must be raised during the pendency of the original action. *Delzer* at 368. In this case it was not."). Thus, under *Lindberg* and *Waltz*, a defective notice is fatal to a creditor's foreclosure action if the issue is raised during the pendency of the action and impairs a right of the debtor.

[¶15] Here, Larson raised the defective notice issue during the pendency of the action after Heartland moved to amend its complaint. After reviewing the record however, we conclude the defect did not impair Larson's rights and was not fatal to Heartland's foreclosure action. Unlike *Lindberg*, the amount due under Heartland's notice before foreclosure, $334,877.87, was less than the amount actually in arrearage. Rather than impair Larson's rights, the defect benefited him. Had he paid the amount due under the notice, the mortgage would have been reinstated under N.D.C.C. § 32-19-28 and Heartland would have been required to start the process over to foreclose the mortgage. Because the defect did not impair Larson's right to reinstate the mortgage, we conclude the district court did not err in granting Heartland's motion to amend the complaint and motion for summary judgment.

IV

[¶16] The judgment is affirmed.

[¶17] Gerald W. VandeWalle, C.J.
    Jon J. Jensen
    Lisa Fair McEvers
    Daniel J. Crothers
    Jerod E. Tufte